Thomas **CARSWELL**, Appellant,

v.

J. J. **PARKER**, Warden, U. S. Penitentiary and U. S. Parole Board, Appellees.

No. 20568.

United States Court of Appeals
District of Columbia Circuit.

Argued March 10, 1967.

Decided July 24, 1967.

Mr. Jim W. Gipple, Washington, D. C. (appointed by this court) for appellant.

Mr. Edward T. Miller, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker, Mrs. Ellen Lee Park, and Mr. E. Grey Lewis, Asst. U. S. Attys., were on the brief, for appellees.

Before WRIGHT, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

In 1954, appellant was convicted of federal narcotics offenses and sentenced to imprisonment. He was mandatorily released pursuant to 18 U.S.C. § 4164 having accumulated 1574 days of statutory and extra good time credits. Under the statute, appellant remained under the jurisdiction of the Parole Board, his release being deemed equivalent of a parole, until the expiration of those 1574 days minus the terminal 180-day period. Birch v. Anderson, 123 U.S.App.D.C. 153, 358 F.2d 520 (1965). As a matter of arithmetic computation, and leaving aside any question of interruption or "tolling",[1] appellant's 1954 sentence would have been completed on August 29, 1965.

In February, 1965, the Parole Board issued its warrant charging that appellant had violated the terms and conditions of his release[2] and within the week that warrant was executed, i. e., appellant was taken into custody by federal authorities pursuant to the warrant. Following a preliminary interview where appellant "admitted having violated one or more of the conditions of his release," appellant was sent to a federal penitentiary. Several months later a full revocation hearing was held. Because appellant contended that once disposition of the pending state charges was made "he could prove that the violations alleged against him would also lack substance," the Board initially reserved decision. In October, 1965, the state charges remaining undetermined, the Board rendered its decision and found that appellant had violated the terms of his release. An order of revocation was entered requiring appellant to serve the remainder of his original sentence although credit against that time was given from the date the violator warrant was executed

1. Citing such cases as Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923), and Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938), the Government contends that either the commission of the parole violation or the action of the Parole Board in issuing its violator warrant interrupts the service of the releasee's sentence. As will appear, we find it unnecessary to decide the "tolling" issue and hereafter when we refer to the expiration of appellant's 1954 sentence we assume that service was not interrupted as the Government contends.

2. In addition to an arrest by New York state authorities on a narcotics charge, the Parole Board's warrant alleged that appellant had become involved in narcotics trafficking, departed the district without prior permission, associated with "undesirables", and gave his probation officer false and misleading information as to his place of residence. It is not contended that these allegations fail properly to charge a violation of the conditions of release.

and appellant retaken into federal custody.

As the case comes to us, a narrow question is posed. It is not contended that the Board failed to afford appellant a full and fair hearing on the underlying facts before entering its revocation order. Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225 (*en banc*), cert. denied, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963). It is conceded that the Board's warrant was issued and executed promptly after the facts constituting the violation came to the Board's attention and at a time when the Board had statutory power to act. Birch v. Anderson, *supra*. There is no allegation that the Board unreasonably delayed in holding the revocation hearing or that appellant was prejudiced by the three month delay in holding the revocation hearing; and we are not called upon to speculate as to the result of a habeas corpus proceeding instituted during the eight months while appellant was incarcerated pursuant to the warrant but awaiting either hearing or decision on the fact of violation. Rather, as appellant puts it, "the sole question presented by this appeal" is whether under the facts of this case the Parole Board had jurisdiction to enter a revocation order after the expiration of appellant's 1954 sentence. We hold that the Board had such jurisdiction and affirm.

Congress has comprehensively legislated with respect to mandatory releasees and parole violators. A mandatory releasee, such as appellant, is "deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 18 U.S.C. § 4164. 18 U.S.C. § 4205 requires that a violator warrant "be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced." Reading those provisions together, we have held that a warrant charging a mandatory releasee with violating the terms and conditions of his release must be issued prior to the expiration of the maximum term less 180-days. Birch v. Anderson, *supra*. Here, the warrant was not only issued but also executed prior to that date, and we leave open, as we did in Birch,[3] whether that early a date of execution is obligatory. The argument made to us is that there is a time limit governing not only the warrant but also the proceeding on the warrant, and that revocation of the release or parole comes too late if the date thereof is later than the date on which the prisoner would have completed service of his sentence in the absence of parole or mandatory release.

The pertinent statutory provision, 18 U.S.C. § 4207, reads as follows:

A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced.

In view of the plain words of the statute, we reject appellant's argument that his term expired on August 29, 1965, just as if he had complied with the conditions of his release, and that power to revoke expired on that date. We hold that where, as here, a violator warrant is timely issued and executed, and where there is no oppressive delay or prejudice in holding the revocation hearing and issuing the revocation order,[4] the Board

3.  123 U.S.App.D.C. at 159, 358 F.2d at 526.

4.  Compare United States ex rel. Vance v. Kenton, 252 F.Supp. 344 (D.Conn. 1966); United States ex rel. Hitchcock v. Kenton, 256 F.Supp. 296 (D.Conn. 1966).

retains jurisdiction to enter such an order even after the day on which the violator's original sentence would have expired if he had not been released from prison.

Affirmed.