113 N.J. Super. 426 (1971)
274 A.2d 65
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN FUDALI, DEFENDANT-APPELLANT. LLOYD W. McCORKLE, COMMISSIONER, NEW JERSEY DEPARTMENT OF INSTITUTIONS AND AGENCIES, INTERVENOR.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1970.
Decided February 23, 1971.
*428 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. William J. Cleary, Jr., assigned attorney, argued the cause for appellant.
Mr. Edward C. Megill, Assistant Prosecutor, argued the cause for respondent (Mr. Geoffrey Gaulkin, Hudson County Prosecutor, attorney).
Mr. Joseph T. Maloney, Deputy Attorney General, argued the cause for intervenor (Mr. George F. Kugler, Jr., Attorney General, attorney).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Defendant appeals from a County Court order denying his petition for post-conviction relief seeking a reconsideration of sentence.
The Hudson County grand jury had returned three indictments charging defendant and two others, in four counts, with armed robbery and unarmed robbery, and also armed and unarmed assault with intent to steal. He pleaded guilty to the first counts of two of the indictments charging him with armed robbery and was sentenced on each indictment to State Prison terms of 4-6 years for robbery and 2-3 years for being armed. However, the sentences were made to run concurrently, the result being that defendant received a State Prison sentence of 6-9 years.
Defendant was on parole from the Bordentown Reformatory at the time of the sentences. His commitment there had resulted from his plea of guilty to armed robbery, for which he had been sentenced to serve an indeterminate term at Bordentown not to exceed five years. The time remaining on the Bordentown sentence at the time of his parole was *429 two years and eight months. On arrival at the State Prison defendant was informed that his parole from Bordentown had been revoked, that his remaining Bordentown sentence was being transferred to the State Prison, and that he would serve that sentence after he had completed the State Prison sentences just imposed for armed robbery.
The State Prison sentences were imposed on June 28, 1968. On August 5 following the chief executive officer at the Bordentown institution requested authority to transfer defendant to the State Prison, noting that the reformatory parole had been revoked on March 13, 1968 and that two years and eight months of the reformatory sentence remained to be served. The head of the Division of Correction and Parole, in regular course, approved the transfer and requested the Commissioner of Institutions and Agencies to enter an order of transfer. He did so, as authorized by N.J.S.A. 30:4-85.
One year later defendant filed his petition for post-conviction relief, claiming there had been a violation of N.J.S.A. 30:4-148. That statute provides that courts, in sentencing to the reformatory, shall not fix the duration of sentence, but the time which any person shall serve in the reformatory or on parole shall not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, where such maximum is less than five years. Further, the term may be terminated by the reformatory board of managers in accordance with rules and regulations formally adopted. The same judge who had accepted defendant's plea and imposed the State Prison sentences treated the petition as one for reconsideration of sentence and denied the application. This appeal ensued, and we granted the Commissioner of Institutions and Agencies leave to intervene.
Defendant's main argument is that the Bordentown Reformatory sentence remaining to be served should run concurrently with the State Prison sentences. This argument is divided into two parts, the first dealing with the Commissioner's *430 power under N.J.S.A. 30:4-85, and the second with the legislative philosophy of rehabilitation and what the judiciary's attitude toward it should be.
N.J.S.A. 30:4-85 provides that "Any inmate of any correctional institution * * * may be transferred to any other such correctional institution by order of the commissioner directing such transfer, either upon the application of the chief executive officer or upon the initiative of the commissioner." The statute further provides that any inmate of a correctional institution for males, of the age of 18, may be transferred to the State Prison if it shall appear to the satisfaction of the Commissioner after recommendation by a special classification review board that such inmate cannot properly be confined in such institution and that his transfer will operate for the general benefit and welfare of the inmate population of the institution from which he is to be transferred.
Defendant's transfer was regular in all respects. The Bordentown chief executive officer had requested it, the Division of Correction and Parole had approved it, and the Commissioner, acting well within the discretionary authority given him by the statute, entered a proper order.
Although defendant's first conviction for armed robbery could have resulted in a State Prison sentence, a reformatory sentence under N.J.S.A. 30:4-148 was imposed, apparently in the hope that the less severe confinement would result in a measure of rehabilitation. That hope was not realized, for upon being paroled on December 15, 1967 after serving a little more than two years at the reformatory, defendant within less than a month and on January 10 joined with two others to again commit armed robbery. The sentencing judge this time wisely determined that a reformatory sentence was not appropriate, and accordingly imposed the concurrent State Prison sentences referred to earlier in this opinion.
Defendant claims that the transfer will substantially affect his rights: if he is kept in State Prison to serve not *431 only his most recent sentences but the balance of the reformatory term, any possible future parole will be entirely at the discretion of the State Parole Board. He insists that parole jurisdiction should be shared by the reformatory board of managers as well as by the State Parole Board, the former operating in the case of the reformatory sentence remaining to be served and the latter in the case of the State Prison sentences. This argument is without merit. Having requested the transfer which the Commissioner approved, the reformatory board of managers gave up all further jurisdiction over defendant. Defendant had invited the transfer by his own anti-social action almost immediately after being released on parole.
Under the second aspect of the main argument defendant contends that N.J.S.A. 30:4-123.41 requires that the State Prison authorities treat the balance of the reformatory sentence as concurrent with the State Prison sentence and, further, concurrency is required if rehabilitation be the aim. The applicability of that section escapes us. The immediately preceding section, N.J.S.A. 30:4-123.40, authorizes the State Parole Board to release on parole any prisoner confined in the State Prison serving an indeterminate sentence, having been transferred thereto from a reformatory to which he was originally sentenced and committed. N.J.S.A. 30:4-123.41 states that such release upon parole shall be accomplished in exactly the same manner as in the case of a prisoner serving an indeterminate reformatory sentence, and in accordance with the rules and regulations prescribed by the State Parole Board.
The real question here, of course, is not what the latter statute provides, but rather defendant's claim that the balance of time remaining on his reformatory sentence should be served concurrently with the sentences imposed for the crimes he committed while on parole. Our law is to the contrary.
When defendant was released from the Bordentown Reformatory he accepted certain conditions attached to the *432 parole. Condition No. 2 stated that if he violated any of the conditions, his parole might be revoked and, in the discretion of the board of managers, defendant be required to serve the balance of time remaining on his sentence as of the date of release, without allowance for time spent on parole prior to its revocation. Condition No. 4 was that defendant obey all laws. Consistent with these conditions the Bordentown board of managers revoked defendant's parole and directed that he serve the remaining two years and eight months of his reformatory sentence after he had served the State Prison sentences. The effect of the Commissioner's order of transfer was that all jurisdiction of the reformatory board of managers ceased, including the right to parole, and the State Parole Board took over jurisdiction under N.J.S.A. 30:4-123.40.
The claim that N.J.S.A. 30:4-123.41 requires that the balance of time remaining on defendant's reformatory sentence be served concurrently with the sentence imposed for the armed robberies committed while on parole runs contrary to our holding in Chernachowicz v. State, 39 N.J. Super. 571 (1956), aff'd 22 N.J. 83 (1956), cert. den. 352 U.S. 897, 77 S.Ct. 136, 1 L.Ed.2d 89 (1957). We there held that when a parolee committed a crime while on parole and by reason thereof his parole was revoked, the balance of the term remaining on his parole sentence was to be served after he had served the sentence imposed for the crime he had subsequently committed. By accepting the conditions contained in the parole granted from his reformatory sentence, defendant knew that if he was found guilty of any violation of law while on parole, the reformatory board of managers could in its discretion direct that he serve out the balance of time remaining on his reformatory sentence. They so directed when they revoked his parole.
In State v. Grant, 102 N.J. Super. 164, 170 (1968), we held that if the court imposing sentence for a crime committed on parole desired to have that sentence run concurrently with the balance of parole time owing, the sentencing judge had legal authority to so direct, and the State Prison officials *433 would be bound despite the language of N.J.S.A. 30:4-123.27. However, absent such direction by the sentencing judge, the sentence imposed by him was to be deemed to be served consecutive to service of the incomplete sentence on which parole was previously granted. (At 171)
(N.J.S.A. 30:4-123.27 provides that if a person is confined in an institution other than that from which he was originally paroled and is there serving a sentence for a crime committed after his parole, the board of managers of the institution from which he was paroled could issue and send its warrant to the chief executive officer of the institution where the prisoner was confined, and such warrant would serve as sufficient authority to detain the prisoner and to cause his retaking to and reimprisonment in the institution from which he was originally paroled.)
The judge who sentenced defendant to State Prison did not state that the sentence was to run concurrently with the balance of reformatory parole time still owing. At the post-conviction hearing he indicated that at the time he imposed the original State Prison sentences he had not been aware that defendant was on parole  actually, the fact that defendant was on parole was clearly stated at the time defendant pleaded guilty  but that had he known it, the sentences would have been the same, i.e., they would not have been made to run concurrently with the balance of the reformatory sentence. In light of defendant's criminal record, we find no abuse of discretion on the part of the sentencing judge in not directing that the reformatory and State Prison sentences run concurrently.
The Commissioner's brief argues that defendant's challenge to the propriety of transferring the balance of reformatory time to the State Prison should have been pursued under R. 2:2-3(a)(2), which requires that an appeal be taken to the Appellate Division to review final decisions or actions of any state administrative agency or officer, rather than by an application for post-conviction relief and an appeal from its denial. We have passed the point to deal with the merits.
*434 Defendant will have to serve his sentence for the armed robberies committed while on parole, following which he will serve the remainder of his reformatory term  all in the State Prison to which he has been transferred. Any application for parole will have to be addressed to the State Parole Board, the reformatory board of managers having closed its file on defendant.
Affirmed.