117 N.J. Super. 392 (1971)
285 A.2d 34
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HENRY MADEWELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1971.
Decided December 10, 1971.
*393 Before Judges LEWIS, KOLOVSKY and HALPERN.
Mr. Stephen Apollo, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Rollin S. Neal, Assistant Prosecutor, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant was convicted by a jury of abandoning a rented motor vehicle in violation of N.J.S.A. 2A:111-35, which provides:
Any person who, after hiring, leasing or renting a motor vehicle under an agreement in writing, which provides for return of said vehicle to a particular place, or at a particular time, shall abandon said vehicle, or secrete, convert, sell or attempt to sell the same or any part thereof, or who shall fail to return the vehicle to said place within the time specified, and is thereafter personally served with a written demand, or upon whom written demand is thereafter made by registered mail, to return said vehicle to the place specified in the written agreement within 72 hours from the time of the personal service or service by registered mail of such demand, and who fails, except for causes beyond his control to return said vehicle to the lessor within said period, is guilty of a misdemeanor.
*394 Service by registered mail shall be deemed to be complete upon deposit in the United States mail of such demand securely wrapped, postpaid and addressed to such person at the address for such person set forth in the written agreement for the hire or use thereof or in the absence of such address to such person's last known place of residence.
It shall be a complete defense to any civil action arising out of or involving the arrest or detention for a violation of this act of any person upon whom such demand was served personally or by registered mail that he failed to return the vehicle to the place specified in the rental agreement within such 72-hour period.
A suspended six-month prison sentence was imposed. Defendant appeals from the judgment of conviction.
The jury could find from the testimony the following essential facts: Defendant, by written agreement dated October 31, 1969, leased a motor vehicle from Mullane Ford to be returned by November 6, 1969. Subsequent to November 6, 1969 many unsuccessful efforts, by way of personal visits and telephone calls to defendant's home, were made by Mullane to communicate with defendant to ascertain why the vehicle had not been returned. On or about February 19, 1970 the police located the leased vehicle in a badly damaged condition on a street in Fort Lee. Prior to retrieving the vehicle Mullane had sent a registered letter to defendant demanding its return within 24 hours. The letter was returned to Mullane unclaimed.
Despite defendant's denials we are convinced there was ample support in the record for the jury's determination that defendant had abandoned the vehicle as charged in the indictment and as proscribed by N.J.S.A. 2A:111-35. The principal issue raised on appeal by defendant is that the statute made it mandatory that Mullane serve a written demand upon defendant to return the vehicle within 72 hours before a crime was committed.
In construing a statute courts are enjoined to consider it as a whole and not in parts; to strive to arrive at an interpretation that is consistent with the intent of the Legislature and the purpose for its passage, as revealed by the contents of the entire legislation on the subject, and *395 not to reach an absurd or impractical result, but to effectuate the statutory scheme. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); State v. Bander, 56 N.J. 196 (1970); Robson v. Rodriquez, 26 N.J. 517 (1958); John S. Westervelt's Sons v. Regency, Inc., 3 N.J. 472, 479 (1950). So viewed, it is clear that the Legislature intended that where a lessee "shall abandon said vehicle, or secrete, convert, sell or attempt to sell the same or any part thereof * * *," a crime is committed even though the 72-hour written demand to return is not given.
The statute creates separate categories by the use of the disjunctive word "or" which follows immediately after the comma at the end of the above quoted portion of the statute. The first category, as just quoted, does not require a written demand for return of the vehicle to make the crime complete; however, the second does require such a written demand to complete the crime. The statutory language as to the latter category is: "or who shall fail to return the vehicle to said place within the time specified, and is thereafter personally served with a written demand, or upon whom written demand is thereafter made by registered mail, to return said vehicle to the place specified in the written agreement within 72 hours from the time of * * * demand, * * *." In this category the Legislature contemplated a situation wherein the rental period has expired and the lessee has not abandoned, secreted, converted or stolen the vehicle, but has merely failed to return it on time or to the place required. We suggest that such interpretation becomes self-evident if one eliminates the comma after the word "specified," as was done in N.J.S.A. 2A:111-38 dealing with the failure to return rented personalty other than motor vehicles. Such interpretation is consistent with the last sentence in the statute which gives immunity to the lessor in any civil suit by the lessee if the 72-hour demand is utilized.
The interpretation arrived at by us is a practical and common-sense one. When a lessee abandons, secretes or *396 steals the leased vehicle no sound reason exists for requiring the lessor to serve the lessee with a written demand for its return, since such action evinces a wrongful intent. On the other hand, if the failure to return on time or to the place specified is not willful, then the legislative intent is clear  namely, a written demand for return is necessary before a crime is committed. The 24-hour written demand by Mullane was mere surplusage.
In reaching this interpretation of N.J.S.A. 2A:111-35 we have followed the accepted doctrine of disregarding punctuation, and adding or deleting words or phrases where necessary to arrive at the legislative intent. Howard v. Harwood's Restaurant Co., 25 N.J. 72, 88-90 (1957); Weinacht v. Bd. of Chosen Freeholders, Bergen County, 3 N.J. 330, 334 (1949); Application of Walter Marvin, Jr., 97 N.J. Super. 62, 73-74 (App. Div. 1967), aff'd 53 N.J. 147 (1969), cert. den. 396 U.S. 821, 90 S.Ct. 62, 24 L.Ed.2d 72 (1969); Howard Savings Institution v. Newark, 63 N.J.L. 547, 551-553 (E. & A. 1899); Brossard, "Punctuation of Statutes," 69 N.J.L.J. 65 (1946).
We have examined defendant's contentions that N.J.S.A. 2A:111-35 is unconstitutional in that it is vague and uncertain, that it violates the equal protection clauses of the Federal and State Constitutions, and that it violates the New Jersey Constitution in that it embraces more than one object, and find them without merit. See Burton v. Sills, 53 N.J. 86 (1968), app. dism. 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 748 (1969); State v. Moretti, 52 N.J. 182 (1968), cert. den. 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968); Mason v. Civil Service Comm'n, 51 N.J. 115 (1968); Roe v. Kervick, 42 N.J. 191 (1964); Jamouneau v. Harner, 16 N.J. 500 (1954), cert. den. 349 U.S. 904, 75 S.Ct. 580, 99 L.Ed. 1241 (1955).
Nor is there any merit in defendant's contention that the court erred in denying his motion for a judgment of acquittal. In view of the testimony in the record, including the legitimate inferences to be drawn therefrom, the jury *397 could find that defendant abandoned the leased car and was guilty of the crime charged beyond a reasonable doubt. State v. Mayberry, 52 N.J. 413, 436-437 (1968), cert. den. 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969); State v. Reyes, 50 N.J. 454, 458-459 (1967).
Affirmed.