131 N.J. Super. 522 (1974)
330 A.2d 621
STATE OF NEW JERSEY, NEW JERSEY STATE PAROLE BOARD, APPELLANT,
v.
ERNEST McNAIR, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1974.
Decided December 20, 1974.
*524 Before Judges MICHELS, MORGAN and MILMED.
Mr. Joseph T. Maloney, Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Robert J. Konzelmann, Assistant Deputy Public Defender, argued the cause for respondent (Mr. Stanley C. Van Ness, Public Defender, attorney).
PER CURIAM.
This is one of four appeals which were consolidated for argument.[1]
In December 1965 respondent Ernest McNair was sentenced to imprisonment in State Prison for a term of 6-7 years for possession of narcotics. A fine of $1000 was also imposed on him. In June 1968 he was released on parole. On December 5, 1969 his parole was revoked without a hearing following his arrest in Burlington and Atlantic Counties on new separate charges of possession of narcotics. Following his conviction on the Atlantic County charge he was sentenced on March 6, 1970, to a term of not less than 10 nor more than 12 years in State Prison. He appeared before the Parole Board in May 1970 and the previous parole revocation (of December 5, 1969) was continued in effect. On *525 May 21, 1973, he was granted parole (effective September 18, 1973), on the subsequent (1970) sentence only, and is now serving the remainder of the 6-7 year sentence concerning which parole was revoked in December 1969. N.J.S.A. 30:4-123.24. On June 28, 1973 he petitioned the Law Division for post-conviction relief contending that (1) since his parole was revoked prior to imposition of the 10-12-year sentence, the sentencing judge should have specified whether the new sentence was to be served concurrently with or consecutively to the time remaining on the 1965 sentence concerning which parole was revoked, citing State v. Grant, 102 N.J. Super. 164 (App. Div. 1968), certif. den. 53 N.J. 62 (1968), and (2) he was denied a proper parole revocation hearing.
The trial judge before whom the petition was initially heard ordered that the matter of the 1969 revocation of McNair's parole be remanded to the State Parole Board for a new hearing on notice to him. The Board then sought leave to intervene as a respondent in the matter and later filed a motion to vacate the order granting McNair a new revocation hearing and to dismiss his petition and enter summary judgment in favor of the Board. The trial judge granted the Parole Board's application for leave to intervene, denied its motion to dismiss the petition for post-conviction relief and its motion for summary judgment, and stayed the order directing the holding of a new parole revocation hearing, pending disposition of the Board's appeal to this court.
While respondent's first contention was apparently abandoned by him in the trial court, we note in passing that he misinterpreted the effect of this court's holding in State v. Grant, supra. In that case the court specifically noted that
* * * absent a contrary direction by the sentencing judge, a sentence for a crime committed while on parole shall be deemed (e.g., by the parole and prison recordkeeping officers) to be served separately from service of the incomplete sentence on which parole was previously granted. * * * [102 N.J. Super. at 171] *526 See also, State v. Fudali, 113 N.J. Super. 426, 433 (App. Div. 1971), certif. den. 58 N.J. 337 (1971); and Cf. State v. DeMott, 128 N.J. Super. 395 (Law Div. 1974).
Respondent's remaining contention in the Law Division was that he was denied a proper parole revocation hearing. He was in effect seeking review of an action of the State Parole Board, a state administrative agency. In another of the consolidated appeals, Johnson v. New Jersey State Parole Board, et als. (A-3029-73), 131 N.J. Super. 513, decided simultaneously herewith, we held that "The exclusive method for review of an action or inaction of the State Parole Board is by direct appeal to the Appellate Division," and that by proceeding by petition for a writ of habeas corpus in the Law Division plaintiff in that case had pursued the wrong remedy. Our determination in that matter is applicable with equal force here. It is of no moment that McNair sought a new parole revocation hearing by petition for post-conviction relief. That remedy cannot be pursued when the objective is to review the action of a state administrative agency. See Report Of Supreme Court Committee On Post-Conviction Rights Of Indigents, 85 N.J.L.J. 557 at 568 (October 25, 1962); R. 3:22; R. 2:2-3(a)(2). Nonetheless, as in Johnson we proceed to review this matter as if brought before us by appeal under R. 2:2-3(a)(2). While respondent's petition seeking review of the December 5, 1969 parole revocation was filed (June 28, 1973) well beyond the 45-day time limitation of R. 2:4-1(b), we allow such review, particularly in light of the claimed applicability of Morrissey[2] due process requirements.
The parole revocation of December 5, 1969 and its continuance in effect in May 1970 following respondent's appearance before the Parole Board were, in the circumstances, entirely proper. In May 1970 the Board had before *527 it McNair's conviction on the Atlantic County charge and the fact that the sentence on that conviction was for a new term in State Prison of 10-12 years. The revocation and its continuance were in accord with pre-Morrissey requirements and within the discretionary authority of the Parole Board. See N.J.S.A. 30:4-123.23.
The new requirements governing parole revocation set forth in the opinion of the court in Morrissey v. Brewer, decided June 29, 1972, have prospective application only, Chief Justice Burger pointing out that
* * * The few basic requirements set out above, which are applicable to future revocations of parole, should not impose a great burden on any State's parole system. * * * [408 U.S. at 490, 92 S.Ct. at 2604; emphasis added]
See also, Wolff v. McDonnell, 418 U.S. 539, 573, 94 S.Ct. 2963, 2983, 41 L.Ed.2d 935, 961 (June 26, 1974). We note here, that even if the due process requirements of Morrissey had been in effect in 1969 and 1970, McNair could not have relitigated before the Parole Board issues determined against him in his jury trial in Atlantic County on the possession of narcotics charge on which he was convicted and thereafter sentenced to a 10-12-year term in State Prison. As pointed out by Chief Justice Burger in Morrissey, supra,
* * * Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime. [408 U.S. at 490, 92 S.Ct. at 2605]
Accordingly, the motion to dismiss the petition for post-conviction relief should have been granted. The order denying that motion is reversed, respondent's petition for post-conviction relief is dismissed; and the action of the State Parole Board on December 5, 1969, revoking respondent's parole and its action in May 1970 continuing that revocation in effect are affirmed.
NOTES
[1] Each involves the same or substantially the same issue and is disposed of by separate opinion filed today. The other appeals are: Johnson v. New Jersey State Parole Board et als. (A-3029-73); 131 N.J. Super. 513, James C. Johnson v. New Jersey State Parole Board et als. (A-2985-73), and Norwood L. White v. U. Samuel Vukcevich, etc., et al. (A-727-73)
[2] Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).