164 N.J. Super. 414 (1978)
396 A.2d 1147
JAMES LEE SHAW, PETITIONER-APPELLANT,
v.
ROBERT S. HATRAK, SUPERINTENDENT, NEW JERSEY STATE PRISON, RAHWAY, AND THE NEW JERSEY STATE PAROLE BOARD, CHRISTOPHER DIETZ, CHAIRMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 4, 1978.
Decided December 22, 1978.
*416 Before Judges SEIDMAN and BOTTER.
Messrs. Kaplan, Feingold and Kaplan, attorneys for appellant (Mr. Larry M. Radomski, on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondents (Ms. Erminie L. Conley, Assistant Attorney General, of counsel; Mr. Eugene M. Schwartz, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Petitioner, an inmate at the Rahway State Prison, filed a petition for a writ of habeas corpus, alleging that the State Parole Board had improperly exercised its authority over him by revoking his parole after the expiration of his "maximum sentence date." The petition was summarily dismissed without a hearing by the Law Division judge.
The contentions on appeal are that (1) petitioner was entitled to a hearing on his claim of unlawful deprivation of liberty and the court erred in summarily dismissing the petition without a hearing on the ground that it lacked jurisdiction to proceed, and (2) he is entitled to his immediate release, as the Parole Board lost jurisdiction to act with respect to his parole by failing to act diligently to revoke parole within the term of the parole.
The trial judge correctly denied the petition for a writ of habeas corpus, relying on Johnson v. N.J. State Parole Bd., 131 N.J. Super. 513, 517 (App. Div. 1974), certif. den. 67 N.J. 94 (1975), in which we held that the exclusive method for review of an action or inaction of the State Parole Board is by direct appeal to the Appellate *417 Division under R. 2:2-3(a)(2). The writ of habeas corpus is not designed as a substitute for routine and completely adequate rules of practice, nor is it designed to serve the office of an appeal. In re Robilotto, 24 N.J. Super. 209, 211-212 (App. Div. 1953). See In re Davis, 107 N.J. Eq. 160, 170 (Ch. 1930).
Although we could affirm the trial judge's action without considering the merits of the petition, all of the pertinent facts are before us and the issues have been fully briefed on both sides. Consequently, we shall proceed to review the matter as if brought before us by direct appeal from the State Parole Board. Cf. Johnson v. N.J. State Parole Bd., supra, 131 N.J. Super. at 520; State v. McNair, 131 N.J. Super. 522, 526 (App. Div. 1974), certif. den. 67 N.J. 99 (1975).
Petitioner, who had been sentenced in 1969 to a State Prison term of 12 to 15 years for the crime of murder, was released on parole in 1972, at which time his "maximum sentence date" was due to expire on February 14, 1978. In January 1977, following his conviction in Pennsylvania of possessing a firearm without a license, he was sentenced to a term of nine months to five years in a correctional facility. The Bureau of Parole of this State thereafter served upon him notice of a hearing to determine whether there was probable cause to believe that he had committed a violation of parole. The Bureau found after the hearing that probable cause existed because of the conviction. The State Parole Board declared petitioner delinquent on parole as of the date of the Pennsylvania conviction; a Declaration of Delinquency was issued on June 23, 1977, accompanied by a warrant-detainer authorizing his detention at the Youth Reception and Correction Center; he was returned to New Jersey on October 24, 1977, and the revocation hearing took place on December 13, 1977. The hearing officer recommended that parole be revoked and a copy of the report was forwarded to petitioner on February 9, 1978. At a meeting on February 24, 1978 the Parole Board revoked the parole. *418 Since the ground for revocation was conviction of a crime while on parole, petitioner would be required to serve the balance of time due on his sentence to be computed from the date of his original release on parole. N.J.S.A. 30:4-123.24.
Petitioner does not challenge the determination that he had violated the terms and conditions of his parole. His contention is that the Parole Board had no jurisdiction to revoke his parole after the expiration of the "maximum sentence date." We disagree. His reliance on State v. Gibson, 156 N.J. Super. 516, 518 (App. Div. 1978), is misplaced, for that case merely held that probation may not be revoked where proceedings for that purpose are not initiated within the probationary term. We expressly declined to decide when such revocation proceedings must be concluded. Here, the parole revocation proceedings had not only been instituted within the maximum term, but had also been completed except for the formal decision of the Parole Board.
While our research has disclosed no reported case in point in this jurisdiction, and none has been brought to our attention, a federal appellate court has held in a comparable situation that where a violation warrant is timely issued and executed, and there is no oppressive delay or prejudice in holding the revocation hearing and issuing the revocation order, the parole board retained jurisdiction to enter such order even after the expiration date of the sentence. Carswell v. Parker, 128 U.S. App. D.C. 123, 385 F.2d 645 (D.C. Cir.1967). We find the reasoning in that case persuasive and reach the same result here. It has not been demonstrated that the proceedings in this case were excessively delayed or that petitioner had been prejudiced in any way.
Beyond this, however, it is to be noted that petitioner committed a crime while on parole for which he was convicted, sentenced and imprisoned, and later remanded to the authorities here to await parole revocation proceedings. Thus, not only was his parole violated, but, at least during the period of his incarceration in Pennsylvania, service of *419 the original sentence, which would normally have continued while petitioner was on parole, was interrupted and suspended, since he was no longer in either actual or constructive custody under the first sentence. Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). This accords with our public policy to require a parole violator to serve out the full term of the original sentence without mitigation for time in service of a sentence for a later offense. Chernachowicz v. State, 39 N.J. Super. 571 (App. Div. 1956), aff'd 22 N.J. 83 (1956), cert. den. 352 U.S. 897, 77 S.Ct. 136, 1 L.Ed.2d 89 (1956). Cf. N.J.S.A. 30:4-123.27. And see Lipschitz v. State, 43 N.J. Super. 386, 390 (App. Div. 1957).
The dismissal of the petition for a writ of habeas corpus is affirmed. The action of the State Parole Board revoking petitioner's parole is also affirmed.