STATE OF NEW JERSEY, PLAINTIFF, v. ALBERT JOHO, JR., DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Passaic County

Decided November 26, 1980.

---

[2]Even if the debt owed the bank had not matured, the right of set-off would still exist. *Tumarkin, supra,* at 308, n.1.

*Leonard J. Carafa*, Assistant Deputy Public Defender, for defendant (*Stanley C. Van Ness*, Public Defender, attorney).

*Keith T. Foster*, Assistant Prosecutor, for the State (*Joseph A. Falcone*, Passaic County Prosecutor, attorney).

MANDAK, J. D. C. (temporarily assigned).

The issue to be resolved in the instant case involves the interpretation and application of our statute dealing with conditional discharge for certain first drug-related offenses. *N.J. S.A.* 24:21–27. Specifically, this court must decide whether, after the expiration of defendant's period of supervisory treatment, it retains jurisdiction to entertain a motion by the State to terminate supervisory treatment and enter a judgment of conviction for the pending charge of unlawful possession of a controlled dangerous substance.

Defendant Albert Joho, Jr. was originally indicted on two separate counts for the unlawful possession of controlled dangerous substances, to wit, Butabarbital and Valium, in violation of *N.J.S.A.* 24:21–20.

On June 5, 1978, pursuant to a plea agreement between the State and Joho, the second count of the indictment was dismissed and defendant entered a guilty plea as to the unlawful possession of Butabarbital. A timely motion was made by defendant for the suspension of proceedings and implementation of supervisory treatment as authorized by *N.J.S.A.* 24:21–27, and on July 11, 1978 said application was granted to the effect that all proceedings in the matter were suspended and defendant was placed under the supervision of the chief probation officer of Passaic County for a period of two years, subject to the special rules of drug dependency.

The occurrence of various events about which there is no dispute leads this court to the inevitable conclusion that defendant has violated the terms of his supervisory treatment. Suffice it to say that defendant has moved on a number of occasions without informing his probation officer, remained out of the State of New Jersey without permission, failed to follow simple and appropriate instructions given by his probation officer and failed to report or advise of his whereabouts for the last four months of his period of supervisory treatment.

A review of defendant's case in June 1980 precipitated a decision by the Passaic County Probation Department to file this motion to terminate defendant's supervisory treatment and enter a judgment of conviction for the unlawful possession of Butabarbital. See *N.J.S.A.* 24:21–27(b). On July 11, 1980, however, defendant's two-year period of supervisory treatment ended before any affirmative action in this regard was taken by the Probation Department. It is clear that even though the decision to revoke defendant's period of supervisory treatment was reached well within the two-year period, the filing of the motion to terminate was not accomplished until August 4, 1980.

Counsel for defendant places principal reliance upon *State v. Gibson*, 156 *N.J.Super.* 516 (App.Div.1978), for the proposition that the court lacks jurisdiction to grant such a motion after the term of supervisory treatment has expired. In *Gibson*, the defendant was convicted of a drug-related offense which occurred while he was serving a two-year probationary term. However, both the conviction and the subsequent charge of violation of probation took place after the expiration of the two-year probationary term.

In examining the specific statutory language of *N.J.S.A.* 2A:168–4,[1] which sets forth the procedure to be followed and authorizes certain actions in the event of a probation violation, the court in *Gibson* concluded (at 531) that "in order for the

---

[1]Repealed by *L.* 1978, *c.* 95, *N.J.S.A.* 2C:98–2, effective September 1, 1979.

court to have jurisdiction to revoke probation and punish a probationer for violation of a probationary condition under *N.J.S.A.* 2A:168–4, the warrant must issue during the probationary period."

The substance of *N.J.S.A.* 2A:168–4 was, upon its repeal, replaced by *N.J.S.A.* 2C:45–2 and 2C:45–3 as part of the New Jersey Code of Criminal Justice which became effective on September 1, 1979. These new provisions, in providing for a fixed term of probation (*N.J.S.A.* 2C:45–2(a)) and for relief of a defendant's probationary obligations upon termination of the period of probation (*N.J.S.A.* 2C:45–2(c)), suggest strongly that the court in *Gibson* would reach a similar result under the Code. Additionally, the substantive provisions of *N.J.S.A.* 2C:45–3 are prefaced by the introductory language set forth in paragraph (a); which reads: "At any time before the discharge of the defendant or the termination of the period of . . . probation: . . . ." Clearly, this language evidences a legislative intent to codify the *Gibson* interpretation, to eliminate any ambiguity that may have previously existed under *N.J.S.A.* 2A:168–4, and to strengthen the basic concept that in the event of an alleged violation of probation, some affirmative action must be taken by the probation officer *before* the termination of the fixed probationary period.[2]

The State, in turn, concedes that the *Gibson* decision has precedential value with relation to probation proceedings. It argues, however, that its application to the case at bar is unwarranted by distinguishing a situation where all proceedings have occurred after the probationary period has expired from one where some action has been taken by the State during the

---

[2]The New Jersey Legislature is presently considering a proposed amendment to *N.J.S.A.* 2C:45–3 as set forth in Senate Bill 1537 (1980). This proposed amendment would supplement 2C:45–3 by adding paragraph (c), which would read as follows: "c. The commencement of a probation revocation proceeding shall toll the probationary period until termination of such proceedings."

probationary period. In the latter situation, the court would still retain jurisdiction. *See Shaw v. Hatrak*, 164 *N.J.Super.* 414 (App.Div.1978). This distinction, however, is of little importance to the resolution of the instant issue as all proceedings undertaken by the Probation Department to revoke the period of supervisory treatment appear to have occurred outside the two-year period imposed by the court.

At this juncture the court is compelled to disagree with any contention that *Gibson* is here controlling. *Gibson* involved the interpretation and application of *N.J.S.A.* 2A:168–4 concerning the termination of probation by the court. This case and its progeny, notably, *Shaw, supra*, have reemphasized that the existence of jurisdiction in these matters is directly predicated upon the statutory language of *N.J.S.A.* 2A:168–4: "At any time *during the probation period* the court may issue a warrant and cause the probationer to be arrested for violating any of the conditions of his probation." (Emphasis supplied).

The conclusion which arises from the statute is that if a defendant is placed on probation pursuant to *N.J.S.A.* 2A:168–4, the court has only a limited time period within the confines of the probationary sentence in which to entertain violations of probation motions.

In the instant case, however, defendant was sentenced under *N.J.S.A.* 24:21–27 relating to the conditional discharge for certain drug-related offenses. *N.J.S.A.* 24:21–27(a) provides:

a. Whenever any person who has not previously been convicted of any offense under the provisions of this act or, subsequent to the effective date of this act, under any law of the United States, this State or of any other state, relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, is charged with or convicted of any offense under section 20 (C. 24:21–20), the court, upon notice to the prosecutor and subject to subsection c. of section 20, may on motion of the defendant or the court:

(1) Suspend further proceedings and with the consent of such person after reference to the Controlled Dangerous Substances Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, [footnote omitted], place him under supervisory treatment upon such reasonable terms and conditions as it may require; or

(2) After plea of guilt or finding of guilt, and without entering a judgment of conviction, and with the consent of such person after proper reference to the Controlled Dangerous Substances Registry as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him on supervisory treatment upon such reasonable terms and conditions as it may require, or as otherwise provided by law.

It should be noted that New Jersey has adopted this section directly from the Uniform Controlled Dangerous Substances Act, § 407.

The principal purpose of *N.J.S.A.* 24:21–27 was to ensure that "youthful offenders are not saddled with a lifetime arrest record," [3] while at the same time fulfilling the rehabilitative goal of providing a drug user with an opportunity for treatment of his problem and providing the possessor of drugs with a probationary-type supervision. *State v. Sanders*, 169 *N.J.Super.* 596 (Law Div. 1979). For the accomplishment of these goals it is critical that during the suspension of proceedings the court maintain and continue its authority to assess the alternatives of resuming proceedings against the defendant or conversely dismissing all pending drug related charges upon successful completion of supervisory treatment. *State v. Rice*, 137 *N.J.Super.* 593 (Law Div. 1975).

In this regard, *N.J.S.A.* 24:21–27(b) provides in relevant part:

... Upon violation of a term or condition of supervisory treatment *the court* may enter a judgment of conviction and proceed as otherwise provided, or where there has been no plea of guilty or finding of guilt, resume proceedings. Upon fulfillment of the terms and conditions of supervisory treatment, *the court* shall terminate the supervisory treatment and dismiss the proceedings against him. [Emphasis supplied.]

■ When interpreting this or any statute, the court is obligated to accord particular language its plain and reasonable meaning consistent with legislative intent. *State v. Schreier, Jr.*, 135 *N.J.Super.* 381 (App.Div.1975); *State v. Ferro*, 128 *N.J.Super.* 353 (App.Div.1974). Thus, in connection with *N.J. S.A.* 24:21–27(b), the statutory scheme of rehabilitation for the

---

[3] "Drug Abuse—Problem of the Decade," Special Message to the Legislature, Governor William Cahill, April 27, 1970.

first-time drug offender must be respected as well as promoted. *State v. Madewell*, 117 *N.J.Super.* 392 (App.Div.1971), aff'd 63 *N.J.* 506 (1973).

As the Court possesses no legislative authority, it cannot construe *N.J.S.A.* 24:21–27(b) any more broadly (or narrowly) than its language states. *See, e. g., Mountain Lakes Bd. of Ed. v. Maas*, 56 *N.J.Super.* 245 aff'd 31 *N.J.* 537 (1960). Applying these principles to the specific language of *N.J.S.A.* 24:21–27(b) leads forcibly to the conclusion that the court retains jurisdiction over a defendant until he successfully completes his period of supervisory treatment.

It is apparent that this statute does not place any time constraints on the court for the revocation of a defendant's supervisory treatment. It is also apparent that this statutory language is clearly in contrast to the provisions of *N.J.S.A.* 2A:168–4, which established a fixed time period during which a court may revoke probation.

No New Jersey decision has heretofore considered the possible distinction in the statutory language concerning revocation of probation and termination of supervisory treatment. In reviewing the manner in which other jurisdictions have dealt with this issue, care must be taken to ensure the existence of the same or similar statutory language since many jurisdictions adopting § 407 of the Uniform Controlled Dangerous Substances Act have modified the section by providing their own unique methods of supervision and sentencing. New Jersey has adopted the Act without any modification.[4]

The State of Illinois has decided this particular issue based upon a statute with language basically similar to *N.J.S.A.* 24:21–27(b).

---

[4]Section 407 of the Uniform Controlled Dangerous Substances Act provides, among other things, that "Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions the court shall discharge the person and dismiss the proceedings against him."

The statute in question, *Ill.Rev.Stat.* 1973, *c.* 56½, par. 710, which deals with probation for first offenders of certain drug-related charges, provides in relevant subsections (d) and (e) as follows:

(d) Upon violation of a term or condition of probation, the court may enter a judgment on its original finding of guilt and proceed as otherwise provided.

(e) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person, and dismiss the proceedings against him.

Despite minimal differences in phraseology between the Illinois statute and *N.J.S.A.* 24:21–27, both statutes fail to delineate any time period within which the court must act, and they also leave to judicial determination whether the particular factual situation warrants a dismissal of the complaint or indictment or resumption of proceedings against the defendant.

In *People v. Glidden*, 33 *Ill.App.*3d 741, 338 *N.E.*2d 204 (1975), the Appellate Court of Illinois dealt with the similar issue of whether the trial court retained jurisdiction to enter "an adjudication of guilt" to a pending drug charge after the defendant's period of probation had expired. The Illinois defendant was originally charged with a drug violation and was given a sentence of six months' probation pursuant to the above-cited statute. During his probation defendant was charged with another drug violation to which he pleaded guilty after the six-month probationary period had ended. The state then sought to have the court impose the sentence on the original charge which it had been holding in abeyance. The defendant relied on various Illinois cases which, similar to *Gibson, supra,* stood for the proposition that the court does not retain jurisdiction after the period of probation has been terminated.

However, in rejecting the argument advanced by the defendant, the Illinois court differentiated between proceedings under the Uniform Code of Corrections (*Ill.Rev.Stat.* 1973, *c.* 38, *par.* 1005–6–2(d), relating to probation generally, and those based upon the Cannabis Control Act (*Ill.Rev.Stat.* 1973, *c.* 56½, *par.*

710).[5]  It specifically discussed the different manner in which each statute allows for termination of a defendant's probationary period. Section 1005–6–2, entitled "Incidents of probation and of conditional discharge," provides under subsection (d): "*Upon the expiration or termination of the period of probation or of conditional discharge the court shall enter an order discharging the offender.*" (Emphasis supplied). This statute is directly comparable to *N.J.S.A.* 2A:168–4, and now *N.J.S.A.* 2C:45–2 and 3, which also places a temporal limitation on court action consistent with a defendant's fixed period of probation.

In contrast, the Cannabis Control Act (*Ill.Rev.Stat.* 1973, *c.* 56½, *par.* 710(e) and the Uniform Controlled Dangerous Substances Act as adopted by this jurisdiction (*N.J.S.A.* 24:21–27(b) both provide that discharge will occur: "Upon the fulfillment of the terms and conditions of probation [supervisory treatment]." In concluding that the two Illinois statutes were independent of one another, the court in *Glidden* stated:

> ... Although court action is required under both statutes, under the Uniform Code of Corrections [§ 1005–6–2(d)], discharge occurs as a matter of course after the mere passage of time; the "first offender provision," however, requires that the court determine whether the terms and conditions of probation have been fulfilled. Thus, under the "first offender" provision, discharge does not necessarily result after the mere passage of time. [338 *N.E.2d* at 206].

Since a judicial determination is required before any termination of probation can occur under the first drug offender provision, jurisdiction was retained by the Illinois court even though the probationary period had previously expired.

The Supreme Court of Illinois, in the companion case of *People v. Du Montelle*, 71 *Ill.2d* 157, 15 *Ill.Dec.* 770, 374 *N.E.2d* 205 (1978), although dealing with other issues under the Cannabis Control Act, reaffirmed the difference in probation under the general sentencing provisions of the Uniform Code of Corrections and under the Cannabis Control Act. Referring to

---

[5]The Cannabis Control Act is simply that portion of the Uniform Controlled Dangerous Substances Act which directly pertains to charges of possessing marijuana.

probation for first offenders under the Cannabis Control Act the court concluded:

> ... Consequently, after the probationary status expires, the court must determine whether or not an adjudication of guilt is to be entered based on the defendant's noncompliance or compliance with the probationary conditions. Probationary status under section 10, then, is in the nature of a continuance, and no adjudication of guilt or judgment of conviction may be entered until after the completion of the probationary period. [374 *N.E.2d* at 208].

This court is convinced that the approach of the Illinois court in dealing with Illinois' comparable statutes is a sound one. Similarly, in New Jersey the determinative factor for the revocation or termination of supervisory treatment is court action based on whether the terms and conditions of supervisory treatment have been fulfilled and not by the passage of a fixed period of time. This court is therefore constrained to distinguish *State v. Gibson, supra,* as not controlling here, because that case turned exclusively on a statute which specifically enumerated the time period in which probation could be revoked.

Moreover, consistent with the rehabilitative purpose of *N.J. S.A.* 24:21–27, it is incumbent upon the court to retain jurisdiction to reinstate proceedings if a violation occurs within the stated period of supervisory treatment. To decide otherwise would both render the court impotent to effectively deal with drug deterrence as well as encourage defendants to commit violations without fear of facing the consequences of their actions.

This court, therefore, retains its jurisdiction over defendant Albert Joho, Jr., even though his period of supervisory treatment had expired prior to any action being brought by the State. The motion by the State for entry of a judgment of conviction for violation of *N.J.S.A.* 24:21–20 is hereby granted and defendant's supervisory treatment is terminated and judgment of conviction of the first count under Indictment 166–78 charging unlawful possession of controlled dangerous substances is hereby entered.