(No. 28726.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESSIE McMURRAY, Plaintiff in Error.

*Opinion filed September 19, 1945.*

 

. JESSIE McMURRAY, *pro se.*

GEORGE F. BARRETT, Attorney General, and HUBERT H. EDWARDS, State's Attorney, of Pontiac, for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Jessie Albert McMurray, seeks a reversal of the judgment of the circuit court of Livingston county for a number of errors, only one of which it is necessary to consider, *viz.,*—was the judgment sentencing plaintiff in error to confinement in the penitentiary erroneous?

At the October term, 1936, plaintiff in error, hereinafter referred to as defendant, was indicted for the crime of burglary and larceny. Upon arraignment the State's Attorney nollied the burglary count and the defendant pleaded guilty to the larceny of sixty-two dollars, and made application to the court to be admitted to probation. The defendant was admitted to probation October 13, 1936, for a period of one year upon filing his personal bond in the sum of $500, and was ordered to pay the costs and make restitution of the sum of sixty-two dollars. The bond was furnished and the defendant placed on probation.

At the May term, 1937, the State's Attorney made a motion that a rule be entered for defendant to show cause why the order placing the defendant on probation should

not be vacated "for unlawfully carrying and possessing a deadly weapon, contrary to statute." The defendant was brought into court and being unable to give bail was remanded to jail. June 30, 1937, the record shows that "the Court having heard all of the evidence adduced and listened to the arguments of counsel and not being fully advised in the premises takes this matter under advisement;" and the cause was ordered to be continued generally and the defendant released from the custody of the sheriff, pending the further order of the court.

February 1, 1939, the State's Attorney again made application for a rule on the defendant to show cause why the order of probation entered October 13, 1936, should not be vacated, and the rule having been served upon the defendant, but the latter not appearing, February 8, 1939, the court entered a finding that the defendant had "within ten years after his conviction of burglary, carried, in a motor vehicle, firearms, contrary to the Statute in such case made and provided by section 155a of chapter 38," and ordered and adjudged that the order of probation made October 13, 1936, and the order thereafter entered May 23, 1937, continuing defendant's probation, respectively, be, and the same were, vacated. In August, 1943, the defendant was brought before the court and sentenced to the penitentiary for the crime of larceny for a period of not less than the minimum term, nor greater than the maximum term provided by law.

It is to be observed that the first alleged breach of probation was said to be unlawfully possessing and carrying a deadly weapon. The only section of the Criminal Code embracing this offense is section 1 of an act relating to deadly weapons, (Ill. Rev. Stat. 1937, chap. 38, par. 152,) which makes the possession of a black-jack, slung-shot, sand-club, sand-bag, metal knuckles, or bludgeons unlawful; and likewise the possession of a dagger, dirk, billy, dan-

gerous knife, razor, stiletto or other deadly weapon, with intent to use the same unlawfully against another. Section 4 of the same act prohibits the carrying of concealed firearms upon the person.

There is no finding in the record that the defendant was ever convicted or found guilty of carrying and possessing a dangerous weapon, contrary to this statute, but on the contrary the matter was continued generally and the defendant released. In the order of February 8, 1939, setting aside probation, there is a finding that defendant, within ten years after his conviction of burglary, carried in a motor vehicle firearms contrary to statute, as designated by section 4-A (par. 155a,) of the same act. There is no finding in the record that the defendant was convicted of burglary, but on the contrary the showing is that he pleaded guilty to grand larceny, and the sentence is for grand larceny. Section 4-A, which defendant is found to have violated, does not apply to larceny, as by its terms it is limited to persons "convicted of murder, robbery, burglary, assault with intent to commit a felony, or any other crime of violence." From the foregoing it appears that the defendant was neither found guilty of violating his probation by illegally carrying a deadly weapon, nor could he lawfully be found guilty of violating section 4-A, because he was not convicted of a crime of violence.

There is another fatal defect in the order. The statute relating to probation (Ill. Rev. Stat. 1937, chap. 38, par. 786,) provided that if probation is granted it may be for a period of not to exceed one year, and the cause continued pursuant to the provisions of the act shall be deemed subject to the jurisdiction of the court in which it is pending for the full period of its continuance. Section 6 of the same statute (par. 789,) provided that at any time within the period of probation the court may, upon the report of the probation officer, or other satisfactory proof of the

violation by the probationer of any of the conditions of his probation, revoke and terminate the same, and issue a warrant for the arrest of the probationer. Section 7 provided that under certain conditions the probation period may be continued not to exceed one year.

In *People* v. *Cahill*, 300 Ill. 279, it is held that the defendant is entitled to a disposition of his case at the end of his probation period, and the court loses jurisdiction if sentence is indefinitely suspended. In the present case there was no action upon the first charge of breach of condition of probation, but the matter was continued indefinitely, and the defendant discharged from the custody of the sheriff until the further order of the court. No further action was taken until February 1, 1939, which was more than two years after October 13, 1936. Two years was the longest possible period to which action upon probation could be postponed under the statute applying to defendant. In the *Cahill case* we said: "It is clear for the reasons already given that a defendant can upon no charge be placed on probation for a longer period of time than one year in the first instance, and that the statute does not authorize, at the termination of the probation period, an extension of the probation period, for any offense, longer than one year."

The facts in the *Cahill case* are quite similar to those here. In that case the defendant was admitted to probation September 18, 1919. March 23, 1920, upon motion to set aside a previous order of revocation, the cause was continued for one year. He was again arrested February 3, 1921, and May 23, 1921, was found to have violated his probation within one year of March 23, 1920, and sentenced to the penitentiary. Under these facts we held that if probation is granted, the final sentence of the court stands suspended during the probation period and the order of continuance during that time is entered for the purpose

of preventing the court's losing jurisdiction of the cause and of the power to finally dispose of defendant; that the total period of probation for a felony may be not to exceed one year, and at the end of this period of probation the court must discharge defendant, or may recommit him to the charge of the probation officer for not to exceed one year, or may sentence him under his plea of guilty.

In the instant case the trial court did not, after defendant's appearance in court on June 30, 1937, enter any of the orders required by the statute, and consequently lost jurisdiction of the case. If, however, it be deemed defendant was recommitted to probation it could not be for a longer period than one year; and the exercise of jurisdiction by the court after that period, under the *Cahill case,* would be a nullity. The facts in that case and those in the present are so nearly parallel that it must control. In this case there never was any finding by the court of the commission of any offense which would justify a revocation of the parole, because it is expressly negatived upon the charge originally made; and further because the defendant did not come within the provision of the statute recited in the order setting aside probation. The court lost jurisdiction of the defendant by its order entered June 30, 1937, releasing the defendant and continuing the cause generally. The court was required at that time under the *Cahill case* to enter a judgment either discharging defendant, extending his probation not to exceed one year, or sentencing him upon his plea of guilty.

For the foregoing reasons the judgment of the circuit court of Livingston county is reversed.

*Judgment reversed.*