THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER GARRETT, Defendant-Appellant.

(No. 72-187;

Fifth District—April 19, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Edith L. James, of counsel,) for appellant.

Peyton Berbling, State's Attorney, of Cairo, (Ralph J. Mendelsohn, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Walter Garrett, has appealed from a judgment of conviction entered by the Circuit Court of Alexander County, following a finding of guilty by jury of the offenses of battery and aggravated battery.

It appears from the record that on the afternoon of January 21, 1971, State Police Officers went to a housing project in Cairo, Illinois, in order to execute search warrants issued by the court. One of the search warrants specified an apartment in which the defendant and another person resided.

Approximately 45 law enforcement officers were involved in the operation, some of which were assigned an active part and others of which were there on a standby basis. As the law enforcement officers were in the process of executing the search warrants, a melee broke out which resulted in injuries to several law enforcement officers and residents and occupants of the housing project. As the altercation was in progress the defendant arrived at the scene, entered into the struggle, and allegedly struck two of the State Troopers, the first (Trooper Goforth) in the side of the head on the left cheek, with hands and fists, and the second (Trooper Gossett) in the back of the head.

Indictments were subsequently returned by the grand jury of Alexander County, charging the defendant with two counts of battery and two counts of aggravated battery, aggravated by reason that the defendant was alleged to have known that the individuals were peace officers engaged in the execution of their official duties. Ill. Rev. Stat., ch. 38, sec. 12—4(b)(6).

The defendant has raised three issues in his appeal: (1) Whether the State failed to prove the defendant guilty beyond a reasonable doubt; (2) Whether the defendant was denied a fair trial; and (3) Whether the sentence was excessive. The issues shall be disposed of in the order presented by the defendant.

In regard to the first issue the defendant has laboriously compared the testimony of all the witnesses, prosecution as well as defense, which reveals numerous discrepancies and versions as to the occurrence. The defendant has also challenged the sufficiency of the evidence as to the bodily harm inflicted upon either officer, particularly in light of the fact that the testimony of the victims and their attending physicians pertained to subjective as well as objective symptoms. There was evidence of defendant striking the officers as charged.

■■ As to each of these contentions we are inclined to hold that there are questions of fact to be resolved by the trier of fact. It is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of the disputed evidence or the credibility of witnesses for that of the trier of fact who heard the evidence presented and observed the demeanor of the witnesses. (*People v. Mills,* 40 Ill.2d 4; *People v. Orlando,* 380 Ill. 107, *cert. den.,* 317 U.S. 694.) We will not reverse a criminal conviction where the evidence is not so improbable as to raise a reasonable doubt of guilt. (*People v. Ashley,* 18 Ill.2d 272, *cert. den.,* 363 U.S. 815.) We do not find the evidence in this case to be so improbable as to raise a doubt as to the defendant's guilt. In regard to the injuries sustained by the police officers, there is no requirement that they received great bodily harm. It is sufficient that only bodily harm was inflicted. (*People v. Spears,* 106 Ill.App.2d 430, 245 N.E.2d 544.) The next contention as to the first issue raised by the defendant is that he was entitled to a specific instruction as to self-defense. We note that all instructions as to self-defense submitted by the defendant were given by the court. The defendant will not be heard to complain at this juncture of such an insufficiency.

■■ The defendant raised two points as to his second contention that he was denied a fair trial. The first point, as we understand it, is that the State's witnesses were allowed to testify over objection that they were on the premises for the purpose of serving warrants which the defendant contends is a legal conclusion about the ultimate fact that they were engaged in executing some official duty. Assuming, without deciding, that this allegation is meritorious, we note that the defendant during the State's case, on cross-examination, offered into evidence one of the warrants in question. The further fact that this particular warrant was marked "not executed, no property found" is also of little merit. Failure

to comply with statutory requirements concerning the steps to be taken after a warrant has been served does not render the search warrant void. *People v. York,* 29 Ill.2d 68, 193 N.E.2d 773; *People v. Foster,* 72 Ill.App.2d 337, 219 N.E.2d 683.

The second point to the defendant's second issue concerns photographic films. It appears from the record that the defendant filed a pretrial motion to produce physical evidence relevant and material to the case, and that the State had responded that there was no such physical evidence. During cross-examination of one of the State's witnesses it was revealed that video tape personnel from a local television station were present at the occurrence. When it became apparent that the television film was still in existence, the court directed that it be brought to court. They were shown *in camera.* The court then ordered a recess in order for the defendant to determine if the films had any use for cross-examination purposes, and further granted a continuance from one o'clock P.M. until the following morning in order that the defendant determine if he would use the film for his defense.

At the close of the State's case the defendant requested that he be afforded the opportunity to further cross-examine the first three State witnesses as to matters contained in the film. The court ruled that the defendant would not be allowed to re-cross-examine previous witnesses finding that the films did not portray the defendant and added nothing new that could be brought out on cross-examination considering the scope of the direct examination. The defendant alleges that the court erred in this regard.

■■■ The court is given considerable discretionary latitude in the orderly procedure of a trial, and the exercise of that discretion should not be disturbed unless a clear abuse is shown. Under the circumstances reflected in this case we do not see that the court abused that discretion nor that defendant was prejudiced by the court's action. If the defendant considered the films relevant to his defense he had ample opportunity to introduce them as part of his evidence. He did not choose to do so.

■■ The defendant's allegations of prejudice resulting from the names of other individuals in the indictments and warrants is without merit.

The third issue urged by the defendant is that the sentence was excessive. The briefs advise that the sentence imposed by the court was a fine of $200 and two years probation. Neither the judgment of the court imposing a fine nor an order of probation are included in the record, nor in those parts of the docket entries included. The notice of appeal states the sentence to be "Probation for two years, a $200 fine plus Court Costs". As a result we are unable to determine whether the fine was or was not imposed as a condition of the probation. We note that under

the provision of the Uniform Code of Corrections, sec. 1005—6—3 a fine as a condition of probation may be imposed and that the period of probation does not violate sec. 1005—6—2 of the Code. By sec. 1005—9—1 of the Code a fine may be imposed in addition to probation. We are unable to say from this record that either the fine or the length of the probationary period are excessive, and find no reason to disturb the sentence imposed.

For the foregoing reasons the judgment of the Circuit Court of Alexander County shall be affirmed.

Judgment affirmed.

JONES and G. MORAN, JJ., concur.