THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SILVIO PAUL TAYLOR, Defendant-Appellant.

(Nos. 11740, 11948 cons.;

Fourth District—April 4, 1974.

Ryan & Heller, of Mattoon, for appellant.

L. Stanton Dotson, State's Attorney, of Charleston, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

These two appeals are inextricably interwoven in determining whether or not there is any provision under our statute for a conspiracy prosecution for violations of sections 4(e) and 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, pars. 704(e) and 705(e)), each involving more than 500 grams of any substance containing cannabis. Each appeal is from a dismissal of indictments charging conspiracy and each relates to the same transaction or series of transactions.

In No. 11740, the trial court dismissed the first count of an indictment charging the defendant with conspiracy under section 9 of the Cannabis Control Act. By a docket entry, Count I of a three-count indictment was dismissed. The State's Attorney then dismissed the second and third counts of the indictment with leave to reinstate. The State appeals. This court entered a rule on the defendant to show cause why the appeal should not be dismissed for want of a judgment order appealable under

Supreme Court Rule 604 (Ill. Rev. Stat. 1971, ch. 110A, par. 604), which permits appeals by the State "only from an order or judgment, the substantive effect of which results in dismissing a charge   *   *   *."

■■ In No. 11948, after the dismissal by the trial court of the one count of the indictment in No. 11740, the defendant was reindicted on the same charge in a three-count indictment charging conspiracy under the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 8—2.) This prosecution was dismissed by the trial court on the theory that the Cannabis Control Act, being a specific act, controlled the question of a conspiracy indictment and therefore a conspiracy under the general Criminal Code was not permissible. The very narrow question which we must decide is: Did the legislature by the passage of the Cannabis Control Act preempt *in toto* a possible criminal prosecution for conspiracy to violate that Act? We conclude that it did. The People properly suggest that this conclusion simply means that there is no provision in the statute for a prosecution for conspiracy in violation of the Cannabis Control Act where more than 500 grams of cannabis is involved. We think this necessarily follows from a construction of the respective statutes.

In the passage of the Cannabis Control Act which became effective August 16, 1971, the legislative declaration in section 1 was, "*   *   * this Act provides wide latitude in the sentencing discretion of the courts and establishes penalties in a sharply rising progression based on the amount of substances containing cannabis involved in each case." In each of section 4 and 5 a different penalty is provided for (a) not more than 2.5 grams, (b) more than 2.5 grams, but not more than 10 grams, (c) more than 10 grams, but not more than 30 grams, (d) more than 30 grams, but not more than 500 grams, and (e) more than 500 grams. Section 9 of the Act provides that any person who engages in a calculated criminal cannabis conspiracy as defined in subsection (b) is guilty of a Class III felony and fined not more than $200,000, *etc.* Section 9 provides that one is guilty of such a violation when, "(1) He violates subsection 4(d) or 5(d) of this Act." Thus the only provision under the Act itself is restricted to the quantity limitations above noted of 30 grams, but not more than 500 grams of any substance. There is no provision under the conspiracy section of this Act for the prosecution of a conspiracy for a violation of section 4(e) or 5(e) involving more than 500 grams. This brings us then to the question as to whether or not the general conspiracy statute under which No. 11948 is prosecuted applies.

■■ The passage of the Cannabis Control Act was in response to scientific, educational and medical pressure to excise marijuana, its control and punishment from the more serious drugs controlled and regulated by the Controlled Substances Act. (Ill. Rev. Stat. 1971, ch. 56½, par. 1100.) We think likewise that it is clear from a reading of section 1 of

the Cannabis Control Act that it was likewise intended to excise marijuana from the Criminal Code of 1961 so far as the establishment of appropriate penalties are concerned, and to provide a wide discretion in the sentencing power of the trial court where marijuana is concerned. In short, it preempted the nature and extent of the penalty provisions of our criminal justice system, with that system, nevertheless, providing the mechanics for the enforcement of the Cannabis Control Act. We observe that at the time of its passage, the legislature likewise amended the statute relating to conspiracy in the Criminal Code. Nowhere in that statute is the maximum penalty as severe as it is under the Cannabis Control Act. It is generally accepted that special statutes prevail over general statutes, especially when the special statute has its origin later in time. (*Bowes v. City of Chicago*, 3 Ill.2d 175, 120 N.E.2d 15; *Mills v. County of Winnebago*, 104 Ill.App.2d 366, 244 N.E.2d 65; *People v. Hale*, 55 Ill.App.2d 260, 204 N.E.2d 833.) In *Hale*, the court held that the statute dealing specifically with escapees from the Illinois State Penal Farm (Ill. Rev. Stat. 1971, ch. 118, par. 18), prevails over the general statute (Ill. Rev. Stat. 1971, ch. 38, par. 31—6(b)) which deals generally with persons convicted of misdemeanors who escape from penal institutions. In our judgment, a like philosophy applies here.

■■ There can be no quibble but that the only provision of the Cannabis Control Act concerning conspiracy is sections 4(d) and 5(d), and these sections provide penalties for the possession, manufacture, or delivery of cannabis in amounts of more than 30 grams, but not more than 500 grams, respectively. Nowhere in that section or any other section of the Cannabis Control Act is there a provision for a conviction of conspiracy for an offense involving more than 500 grams of cannabis. For this court to construe it as is here urged that the legislature really meant in section 9 to refer to sections 4(e) and 5(e) also is a request for us to rewrite the statute. If unintentionally omitted from the Act, it is a task for the legislature and not for us. The offense with which the defendant was charged is simply not an offense under either the Cannabis Control Act or the Criminal Code of 1961. We can only consider what the legislature did and need hazard no guess as to whether they had another and different intention, and intended to provide a penalty for conspiracy in the violation of sections 4(e) and 5(e). We therefore hold that the appeal in No. 11740 should be dismissed for want of an appealable order, and that the trial court was correct in dismissing the indictment in No. 11948.

In No. 11740, appeal dismissed.

In No. 11948, judgment affirmed.

CRAVEN and SIMKINS, JJ., concur.