THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY GOETZ, Defendant-Appellant.

(No. 12605;

Fourth District—April 24, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On November 3, 1972, defendant, Larry Goetz, pleaded guilty to the offense of possession of a controlled substance (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(b)). On January 1, 1973, defendant was placed on probation for 1 year under section 410 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1410). On January 17, 1974, defendant admitted violating his probation and was sentenced to a 1- to 8-year term of imprisonment without credit for time served on probation. Defendant appeals from the sentence imposed. The only issue raised before this court is whether the court erred in denying credit for time spent on probation.

■■ The State contends that the provisions of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)) governing resentencing after revocation of probation do not apply to revocations under section 410 of the Controlled Substances Act because revocation for first offenders under that section occurs prior to conviction. Section 410 states:

"Whenever any person who has not previously been convicted under any law of the United States or of any State relating to controlled substances, pleads guilty to or is found guilty of possession of a controlled substance under Section 402(b), the court, *without entering a judgment of conviction* and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions which may include treat-

ment or rehabilitation approved by the Department of Mental Health. Upon violation of a term or condition, the court may enter a judgment of conviction and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissed under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." (Emphasis added.)

The State concludes by arguing that the Unified Code applies only to "every person convicted of an offense" (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—5—3(a)), and that since there was no conviction prior to revocation in the instant case, the resentencing provisions of the Unified Code are inapplicable. We do not agree. The Code reference to conviction is not simply to the entry of a record judgment of conviction but is to a determination of guilt. Hence, section 5—4—1(a) of the Unified Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—4—1) states that *after a determination of guilt*, a hearing shall be held to impose the sentence." (Emphasis added.) It is clear that there must first be a determination of guilt either by a guilty plea or a finding of guilty of possession of a controlled substance under section 402(b) before the first offender provisions of section 410 become operable and before an offender may be placed on probation. Therefore, the Unified Code provisions in regard to resentencing after revocation of probation are clearly applicable to section 410 of the Controlled Substances Act.

Section 5—6—4(h) of the Unified Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4) stated:

"(h) Resentencing after revocation of probation or of conditional discharge shall be under Article 4. Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment."

This section was amended by P.A. 78-939 to read as follows:

"(h) Resentencing after revocation of probation or of conditional discharge shall be under Article 4. Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment *unless the court orders otherwise.*" (Emphasis added) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)).

The date of final passage of P.A. 78-939 was October 30, 1973. However, a bill takes effect only in accordance with Article IV, Section 10 of the Illinois Constitution of 1970 which provides:

"The General Assembly shall provide by law for a uniform

effective date for laws passed prior to July 1 of a calendar year. The General Assembly may provide for a different effective date in any law passed prior to July 1. A bill passed after June 30 shall not become effective prior to July 1 of the next calendar year unless the General Assembly by a vote of three-fifths of the members elected to each house provides for an earlier effective date." P.A. 78-939 contained no effective date and since final passage was on October 30, 1973, the amendment did not go into effect until July 1, 1974. The defendant in the instant case was sentenced following the revocation of probation on January 17, 1974. At the time of sentencing then the trial court did not have authority to deny credit for time spent on probation and erred in so doing.

Accordingly, this cause is hereby remanded to the circuit court of Macon County with directions to enter an amended mittimus giving credit for time served on probation.

Remanded with directions.

TRAPP and CRAVEN, JJ., concur.