The People of the State of Illinois, Plaintiff-Appellee, *v.* Mitchell Rudman *et al.*, Defendants-Appellants.—The People of the State of Illinois, Plaintiff-Appellee, *v.* Mitchell Rudman, Defendant-Appellant.

(Nos. 12575-76 cons.; )

Fourth District—May 8, 1975.

Robert T. Lawley, of Springfield, for appellants.

C. Joseph Cavanagh, State's Attorney, of Springfield (Wayne Golomb, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On March 8, 1974, defendants-appellants entered pleas of guilty to the offense of failure to keep or falsifying records pursuant to section 14 of the Cigarette Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 453.14), a Class A misdemeanor. At the conclusion of the hearing in aggravation and mitigation, the trial judge stated the sentence as follows: "I do not believe that you are eligible for probation. * * * It will be this Court's sentence that both defendants be placed on either conditional probation or conditional discharge or probation, whatever for a period of 2 years with the condition also that they serve each on all counts that they pleaded guilty to, 4 months in prison at Vandalia State Farm; that they further pay the sum stipulated as the tax due * * * and in addition to that they pay a fine each of $500.00 plus costs of this suit."

On March 21, 1974, the trial judge entered a further judgment *nunc*

*pro tunc* in relation to the sentences, and on April 2, 1974, entered a further order in relation to the sentences. Both of these orders were entered after the notice of appeal was filed on March 13, 1974.

Section 5—6—3(d) of the Unified Code of Corections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—3(d)), effective January 1, 1973, did not provide that the trial court could require a fixed period of imprisonment as a condition of probation. The 78th General Assembly amended this section to allow the imposition of a sentence of imprisonment of up to 6 months in jail as a condition for probation. The argument here centers on the effective date of the amendment. In *People v. Goetz,* 27 Ill.App.3d 680, —— N.E.2d ——, we considered and determined the issue of the effective date of legislative enactments.

Because of the confused state of the record, and our inability to ascertain, from the vague language used, precisely what sentences the trial judge did impose, or intended to impose, we order the sentences vacated and the causes remanded to the circuit court for reimposition of sentences. The holding of the Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711, should be borne in mind at the time of resentencing. In view of this disposition we decline to consider other errors asserted.

Sentences vacated and causes remanded for reimposition of sentences.

TRAPP and GREEN, JJ., concur.