THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELAZIER WHITLEY, Defendant-Appellant.

(No. 12755;

Fourth District—July 24, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Jacqueline K. Nejmanowski, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Elazier Whitley, was indicted for armed robbery on May 2, 1974. The offense was alleged to have occurred on March 24, 1974.

In proceedings held on June 17, 1974, defendant moved to withdraw his plea of not guilty and enter a plea of guilty to the charge. The court imposed the sentence of 4 to 9 years, as recommended by the State.

The only question presented here is whether the trial judge should have informed the defendant of the possibility of periodic imprisonment. A threshold question is whether the statute under which the defendant was apparently sentenced was effective at the time of this sentence.

During the proceedings at which defendant entered his plea of guilty, the court began to advise him that imprisonment was not a mandatory penalty because periodic imprisonment was a possible disposition. The State's Attorney, however, advised the court that an amendment had changed that feature of Illinois law, effective January 1, and that the offense in the case at bar had occurred after January 1. The court then

proceeded on the assumption that incarceration in the Department of Corrections was a mandatory disposition.

As originally enacted, section 5—5—3(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d)) provided that a person convicted of armed robbery was eligible for periodic imprisonment as a possible disposition. That provision of the Uniform Code of Corrections remained unchanged until the passage of P.A. 78—939.

The date of final passage of P.A. 78—939 was October 30, 1973. However, a bill takes effect only in accordance with article IV, section 10, of the Illinois Constitution of 1970 which provides:

> "The General Assembly shall provide by law for a uniform effective date for laws passed prior to July 1 of a calendar year. The General Assembly may provide for a different effective date in any law passed prior to July 1. A bill passed after June 30 shall not become effective prior to July 1 of the next calendar year unless the General Assembly by the vote of three-fifths of the members elected to each house provides for an earlier effective date."

P.A. 78—939 contained no effective date and since final passage was on October 30, 1973, the amendment did not go into effect until July 1, 1974. (*People v. Goetz,* 27 Ill.App.3d 680, 327 N.E.2d 516.) The defendant in the case at bar was sentenced on June 17, 1974. At the time of sentencing, therefore, the statute as originally enacted, permitting periodic imprisonment as a possible disposition, was effective.

Since the court erroneously proceeded under the assumption that the amendment to section 5—5—3 was effective at the time of sentencing, we must determine whether sentencing under the original statute requires reversal. More specifically, we must determine whether Supreme Court Rule 402, providing that a defendant be admonished as to the minimum sentence prescribed by law, requires the trial judge to inform the defendant as to the availability of periodic imprisonment.

In *People v. Wills,* 23 Ill.App.3d 25, 319 N.E.2d 269, the Illinois Appellate Court, relying on *People v. Butchek,* 22 Ill.App.3d 391, 317 N.E.2d 148, held that compliance with Rule 402 does not require the court to inform the defendant of the possibility of periodic imprisonment. In *Wills,* the Illinois Supreme Court subsequently reversed the appellate court only insofar as it had held unconstitutional a portion of the Unified Code of Corrections. (*People v. Wills,* 61 Ill.2d 105.) The supreme court did not consider that aspect of the opinion in which the appellate court treated the question of periodic imprisonment. Because the supreme court affirmed the judgment of the appellate court in all other respects, we believe the instant appeal is controlled by *Butchek* and *Wills.*

The defendant suffered no prejudice as a result of the admonition em-

ployed here. An examination of the record demonstrates that the guilty plea was voluntarily made and that the sentence imposed by the court was precisely that for which the defendant bargained. For the reasons stated the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.