THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN E. GLIDDEN, JR., Defendant-Appellant.

(No. 75-429;

Third District—November 21, 1975.

Conway and Shoemaker, of Aledo, for appellant.

John D. Sloan, State's Attorney, of Aledo (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Mercer County entering an adjudication of guilt pursuant to the "first offender" provision of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710). In a previous opinion of this court, we dismissed the appeal for want of an appealable order. However, the petition for rehearing pointed out that such an order was in fact added by a supplement to the record, and, as a consequence, we have vacated and withdrawn our previous opinion.

On April 18, 1973, the defendant, Melvin E. Glidden, Jr., was charged by complaint in Mercer County with a violation of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 705(a)). Defendant entered a plea of guilty on October 18, 1973, and was sentenced to probation for a period of six months pursuant to the "first offender" provision. Ill. Rev. Stat. 1973, ch. 56½, par. 710.

On November 19, 1973, the defendant was charged in Knox County with another violation of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(b)). Defendant entered a plea of guilty to this charge on May 20, 1974.

The record discloses that the defendant's probation officer learned of the Knox County arrest in December, 1973, and the State's Attorney of Mercer County became aware of it one or two weeks after it occurred. No attempt, however, was made to revoke the defendant's Mercer County probation and his six-month term expired on April 18, 1974.

On May 28, 1974, the State's Attorney of Mercer County filed a motion not to discharge the defendant from his probation, but instead to enter an adjudication of guilt by reason of the Mercer County violation. On August 8, 1974, the court granted this motion on the ground that the guilty plea in Knox County constituted a violation of the defendant's Mercer County probation.

The briefs of the parties relate to whether the trial court had jurisdiction following the expiration of defendant's probation. Preliminary to this matter is the question whether the order of August 8, 1974, represents a final and appealable order.

■■ It is true that "[t]he final judgment in a criminal case is a sentence" *People v. Becker*, 414 Ill. 291, 111 N.E.2d 491) and that in the absence of imposition of sentence, an appeal cannot be entertained. (*People ex. rel. Filkin v. Flessner*, 48 Ill.2d 54, 268 N.E.2d 376.) However, the pur-

poses of the "first offender" provision (Ill. Rev. Stat. 1973, ch. 56½, par. 710), which often contemplates no penalty beyond an adjudication of guilt, as occurred in the instant appeal, would be thwarted, if we refused to decide this case on its merits.

The Cannabis Control Act was intended to excise marijuana from the Criminal Code by designing appropriate penalties by providing wide discretion in the sentencing court. (*People v. Taylor*, 18· Ill.App.3d 480, 309 N.E.2d 595.) Since the order adjudicating defendant's guilt terminates this litigation on the merits, we deem it final and appealable.

Having decided that the record discloses a final and appealable order, we must still determine whether the trial court had jurisdiction to enter an adjudication of guilt following the expiration of defendant's probation pursuant to section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710).

Defendant's theory is that the trial court's action constituted a revocation of probation. He contends that the "first offender" provision, although representing an innovation in sentencing, still requires application of the laws pertaining to probation. (See Ill. Rev. Stat. 1973, ch. 38, pars. 1005—6—1 to 1005—6—4.) Section 5—6—4(a) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(a)) provides that the issuance of a warrant or order (after a petition is filed charging a violation of probation) tolls the sentence of probation. Defendant accordingly urges that section 5—6—4(a) implies that failure to issue a warrant or summons results in the probation term continuing to run. Finally, defendant relies upon various authorities, which construed prior statutes, for the proposition that an order revoking probation ·entered after the period of probation has terminated is a nullity, since the court has lost jurisdiction in the case. See, *e.g., People v. McMurray*, 391 Ill. 271, 62 N.E.2d 793; *People v. Cahill*, 300 Ill. 279, 133 N.E. 228.

■■ Defendant's reasoning might be persuasive if this appeal involved a petition to revoke probation. But such is not the case in the matter now before us. Rather, we are concerned with a petition to enter an adjudication of guilt, made in connection with the "first offender" provision (Ill. Rev. Stat. 1973, ch. 56½, par. 710). Whether this relief is requested directly by the State through a petition, or only in response to a motion by the defendant, the result is the same. It would indeed be anomalous to hold jurisdiction was lacking, for if the violation occurred on the last day of defendant's term of probation, the People could only move to enter an adjudication of guilt after the term had expired. We will not require the People to perform a useless act. We note that in the case at bar, although defendant was charged with the Knox County violation (upon which the guilty adjudication in the Mercer County proceeding was based) within the six-month period of probation, he did not plead

guilty to this charge until after his term of probation had expired.

■■ Since we view the present appeal as a petition to enter an adjudication of guilt, made in connection with the "first offender" provision, we do not believe that the general provisions of the Unified Code of Corrections, relating to probation revocation, have any application. We have compared the statutory language and purposes of these provisions in reaching this result. For example, the Unified Code of Corrections provides that the court shall enter an order discharging the offender upon the expiration or termination of the period of probation. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—2(d).) By contrast, section 10 of the Cannabis Control Act provides for discharge, "[u]pon fulfillment of the terms and conditions" of probation. (Ill. Rev. Stat. 1973, ch. 56½, par. 710.) Although court action is required under both statutes, under the Unified Code of Corrections, discharge occurs as a matter of course after the mere passage of time; the "first offender provision," however, requires that the court determine whether the terms and conditions of probation have been fulfilled. Thus, under the "first offender" provision, discharge does not necessarily result after the mere passage of time.

These statutory distinctions with respect to discharge reflect the legislature's intention to provide for a unique procedure applicable to first offenders charged under the Cannabis Control Act. The legislature recognized that "previous legislation enacted to control or forbid the use of cannabis has often unnecessarily and unrealistically drawn a large segment of our population within the criminal justice system without succeeding in deterring the expansion of cannabis use." Ill. Rev. Stat. 1973, ch. 56½, par. 701.

■■ We believe the purpose of the "first offender" provision is also consistent with its statutory language. Under that provision, although the defendant may have pled guilty, no conviction is entered and further proceedings are deferred. The purpose of the defendant's probationary status under the "first offender" provision is to permit the court to determine whether, among other things, an adjudication of guilt is to be entered. By contrast, the defendant's probationary status under the general provisions of the Unified Code of Corrections constitutes a sentence incident to a judgment of conviction. Under these circumstances, we perceive no untoward effect in construing the "first offender" provision as independent of the Unified Code of Corrections.

For the reasons stated the order of the circuit court of Mercer County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.