THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL DuMONTELLE, Defendant-Appellant.

Third District   No. 76-91

Opinion filed May 19, 1977.

ALLOY, P. J., dissenting.

James Geis and Kathy M. Morris, both of State Appellate Defender's Office, of Chicago, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Linda Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Michael DuMontelle was charged by criminal complaint with possession of cannabis, a misdemeanor violation of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(c)). On November 7, 1975, defendant pleaded guilty to the charge and requested, as a first offender, that he be placed on probation pursuant to section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710). The trial court accepted the guilty plea but entered no judgment of conviction thereon. After considering lengthy arguments and briefs of both sides the trial court placed defendant on six months nonreporting probation and fined defendant $65 and assessed $25 court costs in addition thereto as a condition of his probation. On motion of defendant's counsel, the trial

judge stayed payment of the fine and costs pending the filing of defendant's appeal. Defendant's timely appeal followed.

■■ Preliminary to a discussion of the issues raised and the merits of defendant's arguments we must comment upon defendant's failure to move to vacate his guilty plea as a condition precedent to appealing from the sentence imposed upon him. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) The statute requires that the motion to vacate a guilty plea be filed within 30 days from the imposition of sentence. Ordinarily we would not consider defendant's appeal on the merits absent his compliance with Supreme Court Rule 604(d). (*People v. Bryant* (5th Dist. 1977), 45 Ill. App. 3d 428, 359 N.E.2d 888.) However the issue of compliance with Rule 604(d) has not been raised by a motion to dismiss and has been ignored by both sides to this appeal. We choose, however, to proceed to a determination of this cause on its merits.

Defendant presents two issues on review: (1) Whether the trial court properly imposed a fine as a condition of probation under section 10 of the Cannabis Control Act; (2) whether the trial court properly imposed the payment of court costs upon the defendant under the first offender provisions of a section 10 disposition of the Cannabis Control Act. Resolution of both issues is interrelated in that the applicability of the sentencing provisions of the Unified Code of Corrections to a disposition under the Cannabis Control Act is questioned. Defendant argues that the trial court erred in imposing a fine as a condition of probation against a Cannabis Control Act section 10 first offender because the provisions of the Unified Code of Corrections which sanction the imposition of a fine on a probationer are not applicable to a proceeding in which there has been neither a judgment of conviction nor a determination of guilt. The more precise issue raised is whether a plea of guilty in these circumstances amounts to a determination of guilt when the Cannabis Control Act provides that a qualifying first offender, upon a plea of guilty, can be placed on probation without the necessity of the court entering a judgment of guilt and conviction. Phrased another way the question becomes whether the placing on probation that occurred here is a sentence contemplated under the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—1—5; par. 1005—5—3(a); and par. 1005—6—3(b)) upon which a condition of paying a fine can be attached as a condition of probation.

Defendant relies upon *People v. Glidden* (1975), 33 Ill. App. 3d 741, 338 N.E.2d 204, for the proposition that the general laws pertaining to sentencing and probation have no application to a defendant proceeding as a first time offender under the Cannabis Control Act. Although we dealt with the first offender section of the Cannabis Control Act in *Glidden*, we were only concerned there with construing the statute as it applied to

revocation of probation granted a first offender under the Act. Again we clearly recognize that the Cannabis Control Act first offender provision represents an enlightened innovation in sentencing. However we find the *Glidden* case and certain language contained therein to be distinguishable. In *Glidden* we concerned ourselves solely with the statutory distinctions between the Cannabis Control Act and the Unified Code of Corrections and concluded that the probation status conferred upon a first-time Cannabis offender was independent of the Unified Code of Corrections and its provisions concerning revocation of probation. We did not consider in *Glidden* the specific problem now raised.

To argue, as defendant does, that his open and voluntary guilty plea and its acceptance by the trial court is not a determination of guilt is illogical. In *People v. Taylor* (4th Dist. 1974), 18 Ill. App. 3d 480, 309 N.E.2d 595, the court held that the legislative intent of the Cannabis Control Act was to provide a wide discretion in the sentencing power of the trial court and to excise marijuana from both the Criminal Code of 1961 and the Controlled Substances Act. It was stated in *Taylor*, "In short, it [the Cannabis Control Act] preempted the nature and extent of the penalty provisions of our criminal justice system, *with that system,* nevertheless, *providing the mechanics for the enforcement of the Cannabis Control Act.*" (Emphasis added.) *People v. Taylor* (4th Dist. 1974), 18 Ill. App. 3d 480, 482, 309 N.E.2d 595, 597. We agree with that sentiment.

A defendant who is a first offender may be placed on probation pursuant to section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710) after he has been found guilty of or pleaded guilty to violating the pertinent sections of the Cannabis Control Act. This lenient disposition may occur only with the consent of the first offender, and although there has already been a plea or finding of guilt, no judgment of conviction is entered against the offender unless he later violates a condition of his probation. The statute provides that the court may "defer further proceedings and place him on probation upon reasonable terms and conditions as it may require." (Ill. Rev. Stat. 1973, ch. 56½, par. 710.) Certainly the small fine imposed here was not unreasonable. The language of the specific statute allows reasonable terms and conditions to be placed upon this type of probation and we find no error in the trial court's actions.

■■ Defendant's argument is an attempt to equate the trial court's deferring entry of a judgment of conviction with the lack of a finding or determination of guilt. Section 10 of the Cannabis Control Act specifically prohibits entry of a judgment or other determination of guilt even though a defendant does plead guilty, or is found guilty, as a prerequisite to the leniency of the first offender provisions. The case of *People v. Goetz* (4th

Dist. 1975), 27 Ill. App. 3d 680, 327 N.E.2d 516, at first seems analogous to the present case, but a close study reveals that it is quite distinguishable. The *Goetz* case concerned the first offender provisions of section 410 of the Controlled Substance Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1410) which provides that the court shall not enter a *judgment of conviction* against the first offender while the Cannabis Control Act provides only that a *judgment of guilt* shall not be entered. The legislative purposes in the different treatment of first offenders under both the Cannabis Control Act and the Controlled Substances Act is obvious. The legislative intent in enacting the more lenient provisions of the Cannabis Control Act was to remove this specific area from the more harsh provisions of the Criminal Code of Corrections. While providing a means to spare a first offender from the long lasting collateral consequences of having a conviction or judgment of guilt appear upon his record, the legislature did not intend to limit the otherwise broad sentencing power of the court under the Unified Code of Corrections over defendants who have either been found guilty or pleaded guilty as charged. Section 5—1—5 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—5) provides us with the following definition of a conviction:

> " 'Conviction' means a judgment of conviction or *sentence entered upon a plea of guilty* or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Emphasis added.)

The trial court entered an order on January 8, 1976, which was filed with the clerk of the court providing in pertinent part:

> "ORDER OF SENTENCE OF NON-REPORTING PROBATION
>
> This cause having come on for hearing this 5th day of January, 1976, and the Court, having accepted the plea of guilty of the Defendant, Michael DuMontelle, in manner and form as charged in the Complaint, charging Possession of Cannabis, and the Court, not having entered judgment on the plea, finds that the Defendant should be sentenced to a period of Non-reporting probation as a first offender under Section 710 of Chapter 56½ of Illinois Revised Statutes.
>
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the Defendant be and hereby is sentenced to a period of Non-reporting Probation of six (6) months upon conditions as follows that Defendant."

Consistent with the statutory definition we have no doubt that disposition of the defendant in the instant case amounted to a conviction. Under the provisions of the Unified Code of Corrections, which is applicable here, a

fine may be imposed as a condition of probation. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3; *People v. Garrett* (5th Dist. 1973), 11 Ill. App. 3d 142, 296 N.E.2d 44.) We do not believe the trial court committed error in imposing a fine as a condition of defendant's probation. See 1975 Op. Att'y Gen. 230.

■■■ On a similar note is defendant's claim that the assessment of court costs of $25 must be vacated because the statute authorizing judgment for costs does not apply to a section 10 Cannabis Control Act disposition. (Ill. Rev. Stat. 1973, ch. 38, par. 180—3.) Defendant also asserts that the costs statute unconstitutionally chills the exercise of his guaranteed rights, is void for being vague, and denies equal protection of the law. Though we conclude that defendant's failure to raise the argument of the constitutionality of the costs statute in the trial court waived the argument for review purposes (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; *People v. Harbarugh* (1st Dist. 1976), 40 Ill. App. 3d 295, 352 N.E.2d 412), we observe that section 13 in XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1973, ch. 38, par. 180—3) provides with regard to costs in a criminal proceeding, "When any person is convicted of any offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution." Consistent with the views expressed earlier in this opinion we believe that defendant was convicted for purposes of both a fine in addition to probation as well as for purposes of the state recouping the costs of prosecution. Although the Cannabis Control Act provides, "Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime * * *" (Ill. Rev. Stat. 1973, ch. 56½, par. 710), we do not view this as a limitation on the court's power to assess fair and reasonable court costs. The costs of prosecution under the Criminal Code and under the Cannabis Control Act are not disparate. The legislature did not intend for the convicted criminal to be burdened with the costs of prosecution, while a first offender under the Cannabis Control Act who pleads guilty and is sentenced to probation is not equally burdened. The defendant is obliged, subject to his right to controvert the amount of costs assessed, to recompense the State for energies and services expended in securing his conviction. (*Corbin v. People* (1893), 52 Ill. App. 355.) The liability for costs is not deemed a penalty inflicted in addition to the sentence. (*Kennedy v. People* (1887), 122 Ill. 649, 13 N.E. 213.) In contrast to fines which are punitive, costs of prosecution are purely compensatory. (See *Settling Prosecution Costs on the Offender: How the Rights Are Priced in Illinois*, 6 Loy. L.J. 345, 360 (1975).) We see no logical reason for not imposing costs of prosecution upon an offender who lawfully pleads

guilty, but whose formal judgment of conviction and adjudication of guilt is deferred in lieu of satisfactory completion of the offender's term of probation pursuant to the leniency of the legislative distinction between a violation of the Criminal Code and a violation of the Cannabis Control Act.

For the reasons set forth the judgment of the Circuit Court of Kankakee County is affirmed.

Judgment affirmed.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE ALLOY, dissenting:

While I believe the result reached in the majority opinion is desirable, I do not believe that we are authorized to reach such conclusions in view of the legislative pattern established as to section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 710).

I deem it unnecessary to repeat the factual analysis in the majority opinion, but believe that one of the basic questions to be decided is whether the Unified Code of Corrections applies to circumstances involving section 10 of the Cannabis Control Act. In *People v. Glidden* (1975), 33 Ill. App. 3d 741, 338 N.E.2d 205, we concluded that the provisions of the Unified Code of Corrections dealing with probation revocation did not apply to a section 10 probation. We saw a distinction in the fact that the Code probation, as specified in the legislative enactment, automatically expired at the end of the time period provided for the probation, whereas under the terms of a section 10 probation, the court discharges the defendant at the end of the probation period if it is successfully completed. I am also aware that, in *People v. Goetz* (1975), 27 Ill. App. 3d 680, 327 N.E.2d 516, another district of the appellate court concluded that the provisions of the Unified Code of Corrections do apply to a parallel provision, *i.e.*, section 410 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1410). I do not believe it is logical to see a basic difference between section 410 of the Controlled Substances Act and section 10 of the Cannabis Control Act, in view of the legislative pattern which was established in those acts.

I see in these legislative enactments a desire on the part of the legislature to create a wholly separate treatment as to defendants who are given probation under those paragraphs. If it intended otherwise, it would have been logical for the legislature to specify that the trial court, in its discretion, following a determination to grant probation, could apply the sections of the Unified Code of Corrections which are applicable (such as section 5—6—3(b), which provides for conditions of

probation and conditional discharge under the Code). Since the legislature did not do so, I find it difficult to come to the conclusion that the imposition of a fine and of court costs, following a section 10 probation, is consistent with the spirit and intention of the legislative enactment of section 10 of the Cannabis Control Act. I believe, in view of the divergent appellate court opinions referred to in this dissent, that this question can only be resolved by a definitive supreme court opinion, or by a legislative amendment to clarify the role of the judge under a section 10 probation, such as we have in the instant case.

To impose costs or a fine, the trial court would be required to consider the section 10 treatment as a "conviction" in face of the provision of the Act itself which specifies that probation under section 10 is not a conviction for the purpose of disabilities imposed by law.

I conclude, therefore, that the only orderly determination would be that the fine and imposition of court costs were not specifically sanctioned on the record in this case.