Celeste BROUGHTON, Appellant,

v.

STATE OF NORTH CAROLINA; John Baker; Rufus Edmisten, Appellees.

Nos. 82–6469, 82–6504.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1983.

Decided Sept. 19, 1983.

Rehearing and Rehearing En Banc Denied Nov. 2, 1983.

Michael W. Patrick, Chapel Hill, N.C. (Haywood, Denny & Miller, Chapel Hill, N.C., on brief), for appellant.

M. Edward Taylor, Third Year Law Student (Rufus L. Edmisten, Atty. Gen., Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C., on brief), for appellees.

Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.

PER CURIAM:

Celeste Broughton appeals from the order of the district court dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] We dismiss the appeal because Broughton has served the sentence which she received upon her contempt of court conviction and the controversy is moot.

Broughton was cited for criminal contempt of court because of her outburst during a civil trial in the Superior Court of Wake County, North Carolina. She was convicted on the contempt charge on August 14, 1981, and sentenced to 30 days of confinement in the Wake County Jail. The imposition of this sentence was delayed pending her *pro se* appeal of the conviction to the North Carolina Court of Appeals. The Court of Appeals subsequently dismissed Broughton's appeal, after she failed, despite several time extensions, to file a record of the contempt proceedings within the time required by the North Carolina Rules of Appellate Procedure.[2] Broughton then filed several petitions in both the North Carolina Supreme Court and the Court of Appeals seeking to overturn the contempt conviction, but they, too, were denied.

Broughton began serving her 30-day sentence in March, 1982, and immediately launched a collateral attack upon her conviction under North Carolina's post-conviction relief statute. After a state court hearing, her request for habeas relief was denied. Immediately thereafter, she filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2254 alleging eleven constitutional violations in the conduct of the state court contempt proceedings. The district court dismissed the petition by order dated April 2, 1982, ruling that Broughton's failure to perfect her original appeal to North Carolina's intermediate appellate court constituted a procedural default which barred federal consideration of the constitutional claims. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980) (*en banc*), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). Broughton completed her sentence five days later and was released from custody. She then unsuccessfully petitioned the district court to reconsider its dismissed order, and appealed to this court.

Broughton, on appeal, contends that the court committed a number of errors, but since we conclude the case is moot, we do not reach those contentions. Broughton completed serving her contempt sentence five days after the district court dismissed her petition for federal habeas relief. Thus, the relief she ultimately seeks in this appeal has been achieved.

It is true that unconditional release from state custody will not always moot a claim for habeas relief, for the collateral consequences of a criminal conviction may create "a substantial stake in the ... conviction which survives the satisfaction of the sentence." *Carafas v. LaVallee,* 391 U.S. 234, 237, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968) (quoting *Fiswick v. United States,* 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946). Where the criminal conviction, for example, results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy

---

1. *Broughton v. Baker,* 537 F.Supp. 274 (E.D.N.C.1982).

2. Rule 12(a), N.C.Gen.Stat.App. I (1981).

even after the prisoner has been released from custody. *Carafas,* 391 U.S. at 237, 88 S.Ct. at 1559. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, her stake in habeas relief permits the court to exercise its judicial function long after she has been freed. *See Harrison v. Indiana,* 597 F.2d 115, 117 (7th Cir.1979).

■ Broughton, however, will suffer none of these collateral consequences as a result of her misdemeanor contempt conviction. The contempt conviction, for example, will not prevent her from voting, N.C. Gen.Stat. § 163–55, serving on a jury, N.C. Gen.Stat. § 9–3, obtaining a license to practice law, *see In re Rogers,* 297 N.C. 48, 253 S.E.2d 912 (1979), becoming an official of a labor union, 29 U.S.C. § 504, or qualifying for state elective offices, N.C.Const. VI, § 8. Nor will the criminal conviction expose her to the possibility of an enhanced sentence if she commits a later criminal act. N.C.Gen.Stat. § 15A–1340.4. In sum, Broughton will suffer no collateral legal consequences [3] as a result of her challenged conviction, *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *see also, Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *United States v. Sultani,* 704 F.2d 132 (4th Cir. 1983); hence, her unconditional release from state custody has ended the controversy.

Accordingly, since this case does not present a controversy capable of repetition, yet evading review, the judgment of the district court is vacated and the case remanded with instructions to dismiss the controversy as moot.

VACATED AND DISMISSED.

---

**3.** We are not insensitive to the continued reputational interests Broughton has in overturning her criminal contempt conviction. This personal stake in the challenged conviction, however, is not a 'legal consequence' which is re-

mediable in a federal habeas petition. *See, e.g., Lane v. Williams,* 455 U.S. 624, 633, 102 S.Ct. 1322, 1328, 71 L.Ed.2d 508 (1982); *see also Malloy v. Purvis,* 681 F.2d 736 (11th Cir.1982).