92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy R. DOOLING, Petitioner-Appellant,
v.
CIRCUIT COURT OF the FOURTH JUDICIAL CIRCUIT, ROCK ISLAND
COUNTY, Respondent-Appellee.
 No. 95-2536.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided Aug. 1, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Timothy Dooling was found guilty of resisting a police officer, and on July 1, 1992, was sentenced to 24 months of conditional discharge. On July 1, 1994, he brought this petition for habeas corpus relief, see 28 U.S.C. § 2254, alleging due process violations. Although it appears that Dooling brought his petition too late (after his sentence was discharged), the parties agree that his petition was filed within hours of his discharge. However, the appellees contend that because he suffers no collateral consequences from his sentence and his sentence was discharged before the district court acted on his petition, this case is now moot.
 
 
 2
 The Supreme Court has held that a petition for habeas corpus is moot if the petitioner is released before the court acts unless there are sufficient "collateral effects." Carafas v. LaVellee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559 (1968). In Carafas, the defendant was convicted of a felony and suffered collateral consequences including disfranchisement and disqualification for certain jobs. Lane v. Williams, 455 U.S. 624, 632-33, 102 S.Ct. 1322, 1327-28 (1982), emphasized that unless a conviction entails such legal consequences, a petition becomes moot after the petitioner's discharge. See also Wickstrom v. Schardt, 798 F.2d 268, 270 (7th Cir.1986) (citing Broughton v. North Carolina, 717 F.2d 147 (4th Cir.1983) (misdemeanor violation creates no lingering consequences making released petitioner's habeas petition moot), cert. denied, 466 U.S. 940 (1984)). We presume that collateral consequences exist and it is the burden of the respondent to rebut that presumption. Bryan v. Duckworth, No. 94-2509 (7th Cir. June 7, 1996).
 
 
 3
 The government has met that burden. Dooling was convicted of a misdemeanor offense which, under Illinois law, carries no collateral consequences. Illinois statute provides, "[U]pon discharge from ... conditional discharge ... all license rights and privileges granted under the authority of this state which have been revoked or suspended because of conviction of an offense shall be restored...." 730 ILCS 5/5-5-5. Furthermore, Dooling faces no risk of subsequent impeachment for this conviction, a concern that led us to find collateral consequences in U.S. ex rel. Grundset v. Franzen, 675 F.2d 870, 873 (7th Cir.1982), because his misdemeanor conviction did not involve an act of dishonesty or a false statement. People v. Jennings, 664 N.E.2d 699, 702 (Ill.App.1996) (under Illinois law, to impeach a defendant with a prior conviction, that conviction must be either a misdemeanor involving dishonesty or false statements or a felony).
 
 
 4
 Dooling contends that his sentence was not discharged before the district court acted because the Illinois courts did not issue an order terminating his sentence. However, such an order is not necessary. Illinois' Unified Code of Corrections provides that an Illinois court "shall enter an order discharging the offender" upon the expiration or termination of the period of conditional discharge. 730 ILCS 5/5-6-2. Illinois courts have interpreted this section to mean that "discharge occurs as a matter of course after the mere passage of time." People v. Glidden, 338 N.E.2d 204, 206 (Ill.App.1975). Dooling cites Glidden for the proposition that court action is required to discharge a sentence. However, Glidden held that court action is required only when the offender is sentenced under the "first offender provision" of the Cannabis Control Act. Id. Dooling also cites People v. Draves, 500 N.E.2d 1072 (Ill.App.1986) for the proposition that "a person may be held in contempt and imprisoned for failure to comply with the conditions of conditional discharge even after the period of conditional discharge has expired." This interpretation is inaccurate. In Draves, the defendant was sentenced to one year probation and ordered to pay restitution, court costs, and a fine. Draves did not pay the restitution, costs, or fine, and the district court found him in contempt of court after he had been discharged from probation. The court specifically noted, though, that the State was not seeking to modify or revoke the defendant's probation. Rather, "a contempt proceeding is an original special proceeding, collateral to and independent of the case in which the contempt arises." Draves, 500 N.E.2d at 1073.
 
 
 5
 Dooling then attempts to identify as collateral consequences the risk that this conviction could be used in calculating criminal history points against him in future convictions,[1] that he cannot seek expungement from his record for future arrests, and that he was forced to pay a fine. These concerns do not rise to the level of collateral consequences within the meaning of the doctrine of mootness. See Lane, 455 U.S. at 632-33, 102 S.Ct. at 1327-28 (possible effect on sentence imposed in future criminal proceedings, and on employment prospects, are not collateral consequences); Wickstrom, 798 F.2d at 270 (collateral consequences must be serious legal consequences, not mere injury to reputation); Broughton, 717 F.2d 147 (no collateral legal consequences from misdemeanor convictions).
 
 
 6
 Dooling is no longer in custody and suffers no sufficient legal consequences to show collateral effects. Therefore his petition is MOOT and the decision of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Dooling cites Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130 (1993) for the proposition that the Supreme Court, under similar facts, found a live controversy because the defendant's conviction might affect his criminal history computation. However, Dickerson bears no resemblance to this case. Dickerson involved a direct criminal appeal and challenged the police officers' search and seizure of drugs under the Fourth Amendment. Mootness was not a question